## SCHARKOFSKY v LANDFEAR et.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14677. Decided April 15, 1935

C. F. McConnell, for plaintiff in error.
Nate Botwin, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

Does the language of Item VIII of said will above quoted operate to foreclose the right of the widow to claim under §10509-54 GC?

The administrator de bonis non claims she is barred by the conditions imposed on her in the will by the testator. The widow contends that she is entitled to this exemption by law, notwithstanding the conditions imposed by the will, and entitled to the same whether her deceased husband died testate or intestate.

Sec 10509-54 GC provides as follows:

"When a person dies leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate; household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such living spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty percentum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

It should be especially noted that by the provisions of the above section, which is entitled "Property exempt from administration," the articles selected are not to be deemed assets of the estate or administered as such, but shall be included and stated in the inventory of the estate. Also, that if there be only five hundred dollars inventoried and selected, it is all exempt.

Comparing this section with former §10654 GC, it appears that the only substantial difference is the increase in the amount of exemption. It may be that this increase was intended to compensate for some of the items of dower abolished by the enactment of §10502-1 GC. Although the amount was increased, it nevertheless remains the exemption statute.

Unless inhibited by the terms of a will the surviving spouse is entitled by the statutes to a year's support, the use of the mansion house for a year and the exemption to which our attention is directed.

Sec 10509-74 GC provides that the appraisers shall set off and allow to the widow and children under fifteen years of age provisions or other property to support them for twelve months, if needed. This allowance is a preferred debt of the estate next to the funeral expenses, expense of last sickness and administration expense. §10509-121 GC.

Sec 10509-79 GC gives the use of the mansion house free of charge for one year except in the event of sale prior thereto, in which event the surviving spouse shall be compensated by the payment to her of the fair rental value for the unexpired term, which compensation receives the same priority in payment of debts as the year's allowance.

The statutes clearly make the year's allowance and the value of the use of the mansion house preferred debts against the estate and to be paid out of the estate.

The exemption allowed by §10509-54 GC is not by statute classified as a debt, but on the contrary set aside as an exemption to the surviving spouse and expressly directs that the same shall not be a part of the estate or administered as such.

However, where one dies leaving a will, a slightly different situation is presented, but a situation the legislature had under consideration and about which it enacted legislation. §10504-61 GC reads as follows:

"If the surviving spouse elects to take under the will, such spouse shall be thereby barred of all right to an intestate share of the estate, and shall take under the will

alone, unless it plainly appears from the will that the provision therein for the spouse was intended to be in addition to an intestate share. But an election to take under the will does not bar the right to remain in the mansion of the deceased consort or the widow to receive one year's allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs."

Observe that an election to take under the will bars the surviving spouse of all right to an intestate share of the estate unless the will clearly discloses an intention to add to the intestate share. Also, that an election does not bar the right to the use of the mansion house or the year's allowance unless the will expressly otherwise directs. Also, it is singularly significant that reference to the right of the surviving spouse to the exemptions provided for in §10509-54 GC was conspicuously omitted from the items that may be expressly barred by the testator.

There is some significance also to the time limits for the respective proceedings and steps to be taken in the administration of the estate of a decedent as set forth in §10508 GC and succeeding sections.

An inventory and appraisal are required one month after the appointment of the executor or administrator unless the court extends the time. Hearing on the approval of the inventory is set for one month thereafter. This inventory is required to contain enumeration of the specific articles selected by the surviving spouse, or the amount of money in lieu thereof in whole or in part. It should also include the amount fixed by the appraisers for year's support.

Repeating, the amount allowed for year's support and the value of the use of the mansion house of which the surviving spouse is deprived by sale are made liens and are debts of the estate with priority over all general creditors by statute and by decisions. **Watts v State, 38 Oh St 481-491.**

This exemption is nowhere denominated a debt of the estate. This is probably on the theory that possession of the specific articles are turned over to the widow at the time of selection. In order to make certain that the surviving spouse receives this exemption, to the extent only that the exemption is made up of cash is the same made a charge on all property real and personal belonging to the estate prior to the claims of all unsecured creditors. Right and title to this exemption date from the

death of the testator. **Dane v Wick, 14 Oh St, 505.**

If the selection be made within the articles and amount allowed by statute, right of possession of the specific articles selected dates from the time of selection or certainly from the time of the filing and approval of the inventory by the court. While the statute fixes no specific time when this property and cash constituting the exemption shall be delivered to the surviving spouse, to fully serve its purpose it should be turned over within a very reasonable time after the approval of the inventory by the court and months before the time fixed for election. This exemption, the use of the mansion house and the provision for year's support when not barred by the testator, were fixed and designed by statute to accomplish a specific purpose. Provision is thereby made for the surviving spouse and minor children to the end that the home be conserved and time and opportunity given to them to adjust themselves to changed conditions. The state is much concerned about the preservation and perpetuation of the home.

The schedule of debts shall be filed five months after the appointment.

After six months the widow upon citation shall make an election. §10504-55 GC provides "After probate of the will and filing of the inventory, appraisement and schedule of debts, * * *." So that, when the widow is called upon to make an election she has before her the inventory, appraisement, and schedule of debts. The inventory lists the items of property in the estate plus those selected and set off months before as exempt. The schedule of debts lists the obligations against the estate. The orderly procedure and steps to be taken in the administration of an estate places before the surviving spouse this data before an election is required. This exemption has been selected and presumably delivered and paid over long before this election is required and therefore necessarily not in the calculation.

The claim that this exemption was barred by the testator is grounded upon the following general language found in Item VIII of the will: "and any and all other rights, interest or claims she might otherwise have in or against my estate." If the testator had the power so to do, it must be done by specific expression. This general and omnibus language will not operate to effect this result. To claim the contrary is opposed by the authorities.

"4. Where a husband during coverture makes a provision for his wife, in full of all her claims as widow against his estate, including her right to dower, which she accepts, and he dies intestate, she is not thereby barred of her right to the year's support provided by law, out of his estate. **Collier v Collier, 3 Oh St 369**, followed and approved." **Spangler v Dukes, 39 Oh St 642.**

To the same effect is the eighth paragraph of the syllabus in the case of **Collier v Collier, 3 Oh St, 369**, as follows:
"A widow electing to take under a will, containing provisions for her, expressed to be in lieu of dower and all other claims on the estate of the testator, is not barred of her right to the year's support, provided by law (38 O.L. 176; see §6040, Rev. Stat.) from the estate of the testator. p. 376."

In this Collier case Ranney, J., had under consideration a situation analogous to the one under consideration here. His language in the opinion at page 376 is so clear in expression and so applicable to this case that we quote therefrom at length that the same may be readily available to anyone interested in this question:

"We also think the widow entitled to her allowance for a year's support, notwithstanding her election to take under the will. By §45 (see §6040, Rev. Stat.) of the administration law, the appraisers are required to set off, and allow to the widow and children under the age of fifteen years, sufficient provisions, or other property to support them for twelve months from the death of decedent; which are not to be included in the inventory, but returned with it in a separate schedule, signed by the appraisers. This is to be done in every case whether there is a will or not; and the property so set off is withdrawn from the estate, and constitutes no part of the fund to be administered by its representative. This return is to be made within three months while the widow has six months within which to determine whether she will take under the will or not. The allowance is designed for the support of herself and children during the year that the executor may retain all the assets of the estate, awaiting the presentation of debts against it, and while she has no power to compel him to pay over any legacy to her, however ample it may be. If there are children, they too have an interest in the provision, that ought not to be taken away by reason of any benefit accrued to the widow alone by the will.

"Let it be granted that the husband intended to deprive the widow of this allowance, if she took under his will; still, as the law gave it to her, has the law anywhere given the husband power to take it from her, or to make it a condition upon which she may claim the property given to her by his will? We think not. All the legislation to which we have been referred relates exclusively to her rights of dower, and the distributive share to which she would be entitled in her husband's estate. §§45 and 46 (see §5963, and 5964, Rev. Stat.) of the act relating to wills, passed March 23, 1840 (38 O.L. 126; 1 Curwin 691) (Swan 998) governs this case. §45 puts the widow to her election whether she will take the provision made in the husband's will, 'or be endowed by his lands;' and the forty-sixth declares that if she 'fail to make such election, she shall retain her dower, and such share of the personal estate of her husband as she would be entitled to by law in case her husband had died intestate;' but 'if she elect to take under the will, she shall be barred by her dower, and take under the will alone.' Neither in this nor any of the amendatory acts is any reference made to this temporary allowance. In performing their duty the appraisers have no right to know whether there is a will or not; and if they do know there is one, they cannot know whether the widow will claim the benefit of its provisions. They must still perform the duty of setting off property enough for the year's support, which effectually separates it from the estate, in accordance with the absolute disposition which the law makes of it, irrespective of the claims of creditors or legatees, and without regard to what may have been the wishes or directions of the decedent upon the subject."

It is our conclusion that this widow is entitled to this exemption. She had right and title thereto and right of possession thereof long before she was called upon to make an election which the statute in this instance made for her. Possession thereof should have been given to her long before the time for election. While it is not necessary to be decided in this case, it is doubtful whether a sound public policy would permit a testator to make of this exemption a condition of inheritance. While it may be conceded that a testator may do with his property almost anything he

chooses, the public interest may impose a minor exception to the extent of this exemption. This exception is eminently justified by this very case, if the facts be as stated that there is no equity in the real estate of which the testator died siezed. The law grants this exemption and places it beyond and outside of testamentary consideration and control. This exemption to a surviving spouse and minor children in legal amount as a matter of public policy is as certain and fixed as are the exemptions to heads of families and widows against execution creditors under §11725 GC.

The judgment of the Common Pleas Court and the judgment of the Probate Court are reversed and final judgment entered for plaintiff in error, with exceptions noted.

LEVINE and TERRELL, JJ, concur in judgment.