THE ARTISTS AND WRITERS ASSN., APPELLANT, *v.*
THE STATE OF OHIO, DEPARTMENT OF LIQUOR
CONTROL, APPELLEE.

(No. 4911—Decided November 9, 1953.)

*Mr. Bernard S. Goldfarb,* for appellant.

*Mr. C. William O'Neill,* attorney general, and *Mr. Ralph N. Mahaffey,* for appellee.

MILLER, J.  This cause comes to this court on appeal from an order of the Court of Common Pleas of Franklin County, affirming the refusal of the Board of Liquor Control to reissue the liquor permit of the Artists and Writers Association for the year beginning June 24, 1951.

The record reveals that on June 24, 1950, the permit in question was issued to the appellant; that on July 7, 1950, due to the expiration of the appellant's lease of the permit premises, the permit was placed in escrow with the Department of Liquor Control for a period of six months, which period was later renewed for another six months, which extended the time of the escrow to July 7, 1951, if the permit were renewed up-

on expiration date, to wit, June 24, 1951; that on May 4, 1951, a request was made that the department return the permit then held in escrow; and that on May 28, 1951, an application to renew the permit was duly filed by the appellant.

The return of the permit was denied on June 6, 1951, by the following order:

"This matter having been carefully considered by the Department of Liquor Control upon the application for return of D-4 Permit to Artists and Writers Association, the application is refused and rejected upon the basis of the department's findings hereinafter set forth:

" 'The department finds that the proposed permit premises is an ordinary hotel room * * *, and does not constitute a proper location within the interpretation of the Board of Liquor Control of the provisions of the Liquor Control Act of the State of Ohio.

" 'It is further pointed out that said room had no equipment pertaining to those required by a D-4 Permit, said equipment being one davenport, two desks, several chairs, one air conditioning unit, several file cabinets and one adjoining bathroom, and is not equipped in accordance with the requirement of Regulation No. 28, Section IV, as promulgated by the Board of Liquor Control.

" 'Accordingly, application for return of D-4 permit No. 16938 is hereby refused and rejected.' "

On the same day, an order was made by the department refusing the reissuance of the permit, and reads as follows:

"This matter having been carefully considered by the Department of Liquor Control upon the application, report of investigation and allied documents, the application is refused and rejected upon the basis of the department's findings hereinafter set forth:

"The department finds that on July 6, 1950, the Artists and Writers Association requested that the Department of Liquor Control hold their permit in escrow until such time as they relocate club rooms. Pursuant to this request, the department did, on July 7, 1950, place the permit in departmental safekeeping.
"* * *

"On May 4, 1951, the Artists and Writers Association requested that the permit be returned to the association, informing the department that the association for some time has maintained its offices and club rooms at 361 Hollenden Hotel, East Sixth and Superior avenue, Cleveland, Ohio, and that they desire the permit to be returned to the association for use by the association at the above mentioned address. Pursuant to this request, the Department of Liquor Control conducted an inspection to determine whether the premises qualify for a D-4 permit. The department found that the premises do not meet the requirements of the Board of Liquor Control regulations and rejected the request. The proposed permit premise is an ordinary hotel room 16 feet wide and 20 feet long and has in it 1 davenport; 2 desks; several chairs; 1 air conditioning unit; several file cabinets and an adjoining bath room.

"Regulation No. 16 reads in part, 'At the expiration of the six months period, or the extension thereof, if such permit holder does not have premises in which to conduct his business, the permit shall be cancelled without refund.'

"Therefore, application No. E98114 is hereby refused and rejected. Refund check for the fee accompanying said application will be forthcoming."

Upon appeal being taken to the Board of Liquor Control, a hearing was had on March 20, 1952, at which time evidence was received and testimony taken

on behalf of the department and the appellant. On consideration of this evidence the following order was made:

"This cause came on to be heard on the motion of the Attorney General, counsel for the Director of the Department of Liquor Control, made at the conclusion of the introduction of all the evidence, for dismissal thereof for the reason that same is now moot, and the Board of Liquor Control being fully advised in the premises finds from the evidence that the within cause is moot and that the motion of counsel for the Director of the Department of Liquor Control with respect thereto is well taken, for the following reasons, to wit:

"(1) That said D-4 permit was by operation of law and the regulations of the Board of Liquor Control cancelled on January 7, 1951, and was without force and effect on and after that date.

"(2) That since January 7, 1951, to the present date, said appellant failed to find a new location and failed to rehabilitate its former permit premises in accordance with the regulations of the Board of Liquor Control, and that by reason thereof said permit was, in any event, by operation of law and the regulations of the Board of Liquor Control cancelled on July 7, 1951.

"It is therefore ordered that the within appeal be, and the same hereby is, dismissed."

Upon appeal to the Common Pleas Court, the judgment was affirmed for the second reason assigned, but the court held that the board erred in sustaining the motion to dismiss upon the first ground.

The appellant urges that "the Common Pleas Court and the Board of Liquor Control erred in sustaining the department contrary to law, since a permit does not expire by 'operation of law' when, during the life of a permit and prior to the expiration of an escrow

period during which the permit holder could obtain premises, an application for renewal is seasonably made which the department rejects and an appeal is taken and a hearing is held before the board after the escrow period expires." It is the contention of counsel that the time of the hearing is not controlling as to the making of the question "moot," as was held by the board in sustaining the appellee's motion to dismiss. It should be noted that the Common Pleas Court found the permit was not cancelled by operation of law on January 7, 1951. If it was not so cancelled, then it was in full force and effect until its expiration on June 24, 1951. The order of the Common Pleas Court is final on this question since the appellee has no right of appeal from the same and none was attempted. Prior to said expiration date, the appellant seasonably filed its application for a renewal, to wit, on May 28, 1951. We are of the opinion that the appellant pursued the proper procedural steps to obtain the renewal permit and that it became the duty of the board to pass upon the correctness of the department's ruling instead of dismissing the proceeding for the reason that the question presented had become "moot."

A question becomes "moot" only when it is purely academic or abstract and any judgment which might be rendered thereon would in no way avail or be beneficial to any of the parties. 2 Ohio Jurisprudence, 889, Section 497. The rights of the appellant became fixed as of the date of the filing of the application and had it been favorably acted upon the appellant would have had from June 24, 1951, to July 7, 1951, in which to take steps to preserve the same by either obtaining a suitable location or applying for an extension of the escrow agreement. We have been cited no cases bearing on this question in this state, but a similar one

arose in *Burke* v. *Coleman,* 356 Mo., 594, 202 S. W. (2d), 809. In that case, the court said on pages 596 and 597:

"The license was issued on the 1st day of July, 1945, and since it expired on June 30, 1946, it has been suggested that the case has become moot and should therefore be dismissed. * * * Especially in the case of 'short term' administrative orders (such as the suspension of a license) the inflexible application of the doctrine of moot case would defeat the right of judicial review, a right now contemplated by the Constitution and the Liquor Control Act. * * * In some instances the application of the doctrine would defeat the purpose of the law. As was aptly said in a case under the act, 'We think that it is not a moot case, for the reason that these parties have a right to a final determination of their rights.' * * * Then, there is the question of the licensee's right to future licenses and the just effect of previous administrative rulings upon his future applications. * * * Finally, but not least important, is the public interest in the fair and proper administration of the liquor laws. * * * In view of all these considerations the present appeal does not present a moot case."

A similar position has also been taken by our federal courts in a case wherein a renewal license was sought from the Radio Commission. In *Technical Radio Laboratory* v. *Federal Radio Commission,* 36 F. (2d), 111, it was held that the time of the hearing is not controlling as to the making of the question a "moot" one. The court said, at page 113:

"It is argued on behalf of the commission that this appeal presents a moot question because of the fact that the commission may not issue a license for a longer period than three months, and that, if the commission had issued the renewal license which appellant applied for, such license would long since have expired

according to its own terms. It is argued that, since the period for which the license might have been issued has expired, this appeal has become moot, and should be dismissed. We do not agree with this contention. Such an interpretation of the act would practically nullify the right of appeal granted by Congress in such cases, for it is rarely possible for a station to secure a decision upon such an appeal within three months after the right of appeal accrues. This fact was of course well known to Congress when the statute was enacted. Moreover the relief sought by an applicant for renewal is not limited to the issue of a license for three months only, but includes a continuing right to apply thereafter at proper times for successive renewals thereof. The statutory appeal accordingly contemplates the restoration to the appellant, if his claim be sustained, of the continuing right to make such application to the commission as he would have enjoyed had his application first been allowed.''

It is our conclusion that the Common Pleas Court erred in affirming the order of the Board of Liquor Control pronounced on March 20, 1952, sustaining the appellee's motion to dismiss for the reason that the question presented had become ''moot.''

The judgment is, therefore, reversed, and cause is remanded to the Board of Liquor Control for further consideration.

*Judgment reversed.*

Wiseman, P. J., and Hornbeck, J., concur.