JACOBSEN *v.* CLEVELAND TRUST CO., ET AL.

[Cite as Jacobsen v. Cleveland Trust Co., 6 Ohio Misc. 173.]

(No. 42540—Decided November 9, 1965.)

CANCELLATION OF CONTRACT: Common Pleas Court, Lake County.

*Messrs. Donaldson & Colgrove,* for plaintiff.
*Messrs. Rippner, Schwartz & Carlin,* for defendant.

SIMMONS, J. The defendant, Dorothy Ruth Bartone, has moved to dismiss the petition for the reason that the question involved is moot and, therefore, not cognizable by this court.

The petition is one seeking cancellation of an antenuptial agreement between plaintiff surviving spouse and her deceased husband. The agreement is annexed to the petition and contains the usual provisions whereby the plaintiff expressly disclaimed all right to share in her husband's estate upon his death. It also releases her right to her widow's allowance and exemptions.

Defendants' claim is that even were relief afforded plaintiff in this case and the agreement cancelled she would be in no better position with regard to her rights to share in her husband's estate than she is at this moment. It is conceded that an executor was appointed on July 20, 1964, and that no voluntary election was made by plaintiff under the terms of Section 2107.-39, Revised Code. It is further claimed by defendant and conceded by plaintiff that the plaintiff is conclusively presumed to take under the will by virtue of Section 2107.41, Revised Code. While conceding this point it is the plaintiff's contention that such election by virtue of law may be set aside by a court of equity. This is denied by defendant.

Two questions are presented:

1) Is the plaintiff capable of making an effective election under any conceivable court procedure at this or some future date in view of the expiration of the nine-month period and her failure to take the steps enumerated in Section 2107.39, Revised Code, for prolonging that period?

2) Assuming the answer to No. 1 is "No," is there some practical remedy or relief which plaintiff may secure by having the antenuptial agreement cancelled that would otherwise be lost to her?

This court is of the opinion that Question No. 1 need not be answered to dispose of the motion.

The surviving spouse is entitled to her year's allowance, use of the mansion house and exemptions under Sections 2117.20 and 2115.13, Revised Code, even though she takes under the will, whether by her voluntary election or by operation of law. Such benefits come to a widow not by way of intestate succession but are preferred claims arising as incident to the mar-

riage. *In re Priest,* 79 Ohio Law Abs. 444; *Scharkofsky* v. *Land-fear,* 50 Ohio App. 213; *Collier* v. *Collier's Exrs.,* 3 Ohio St. 369.

The election imposed by Section 2107.41, Revised Code, does not bar her right to the allowance, use of residence and exemptions, "unless the will expressly directs otherwise"; by the terms of Section 2107.42, Revised Code. General language contained within the will denying the surviving spouse any and all benefits save those expressly bequeathed to her is not enough. There must be an express provision contained within the will which denies these rights in clearly understood language. *In re Crabtree,* 30 Ohio Law Abs. 176. The *Crabtree case* considered Section 10504-60, General Code, which is identical, insofar as this question is concerned, as present Section 2107.42, Revised Code. The court does not have the Jacobsen will before it and, therefore, is unable to say whether the requisite language to effect a bar of the plaintiff's rights is present. The court does have the agreement before it, however. Paragraph 3 of Page 2 of the agreement contains the following language:

"Each of the parties to this agreement does hereby release and relinquish to the other * * * any and all claim in or right to an allowance for twelve months support or to reside in the mansion house."

While no case has been cited, and the court has not found any, involving the effect of such language in an antenuptial agreement, the opinion in the *Crabtree case* suggests that an effective bar would be raised.

Since the court is unable to say that the benefits arising by virtue of marriage are barred by the will but does believe they are barred by the agreement, the issue raised by this petition is not moot because plaintiff stands to gain financially by the destruction of the agreement.

No issue is moot when any judgment that could be rendered would benefit any of the parties. *Artists & Writers Assn.* v. *Dept. of Liquor Control,* 96 Ohio App. 121.

*Motion overruled.*