## In re ESTATE OF REDDICK.

[Cite as *In re Estate of Reddick* (1995), 102 Ohio App.3d 488.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5–94–42.

Decided April 11, 1995.

*Rakestraw & Rakestraw, Gregory A. Rakestraw* and *Robert L. Hunt,* for appellant.

*Brimley & Kostyo, John F. Kostyo* and *Donald R. DeLuca,* for appellee E. Dolores Reddick.

*Arter & Hadden* and *Michael L. Maxfield,* for James Miles.

HADLEY, Judge.

Appellant, Howard D. Reddick, Executor of the Estate of Paul F. Reddick, appeals from the judgment entry of the Hancock County Court of Common Pleas, Probate Division, ordering him to pay the decedent's surviving spouse, appellee, E. Delores[1] Reddick, allowance for support.

Paul F. Reddick ("decedent") died testate on May 7, 1991. His survivors include appellee and the decedent's two adult children. Appellee is not the natural mother of the children. On May 8, 1991, decedent's will was admitted to probate and appellant was appointed as executor. An inventory and appraisal were filed on July 26, 1991. A notice for the inventory hearing was published beginning August 3, 1991 and the trial court approved the inventory on August 19, 1991.[2]

Appellee received her citation to elect to take against or under the will on August 28, 1991. Appellee then filed a motion on September 26, 1991, requesting an extension of time for her election. In its judgment entry of September 27, 1991, the trial court granted the extension of time for election until November 1, 1991.[3]

---

1. The spelling "Dolores" is also used in the record.

2. Appellee filed exceptions to the inventory on August 30, 1991 and a motion to vacate the inventory on October 3, 1991. In its judgment entry of October 7, 1991, the trial court vacated its approval of the inventory; however, to date, there apparently has been no hearing on appellee's exceptions to the inventory.

3. In her brief, appellee maintains that at subsequent pretrial hearings "the parties agreed to put this case 'on hold.'" She contends, therefore, that November 1, 1991 was no longer the election deadline. There is a trial court memorandum of a conference held on May 27, 1992 referencing another pending court action and stating that the case apparently needs to be placed "on hold." This fails to indicate, however, that appellee was granted an extension beyond the November 1, 1991 date.

On September 7, 1993, appellee filed a motion to vacate the judgment entry of September 27, 1991 regarding the November 1, 1991 deadline and requesting a hearing on her exceptions to the inventory. Appellee filed another motion, requesting allowance for support pursuant to R.C. 2117.20,[4] on June 23, 1994.

A pretrial conference was held on September 16, 1994. In its September 19, 1994 judgment entry, the trial court ordered the parties to file memoranda of law on the sole question of "whether a testamentary instrument can by its terms bar the surviving spouse from receiving his or her family allowance." The trial court, in its judgment entry, dated October 11, 1994, found that the decedent may not do so.

It is from this judgment entry that appellant asserts the following assignment of error:

"The trial court erred to the prejudice of appellant by holding that a decedent may not through testamentary language bar a surviving spouse from the $25,-000.00 allowance under Ohio Revised Code § 2106.13, thus rejecting the language of decedent's will to the contrary, rendering decedent's estate insolvent, and depriving appellant of a share of decedent's probate estate."

First, appellant asserts that since appellee failed to timely elect to take against the will, she is presumed to take under the will. As such, he maintains that the language contained in the will clearly bars her from receiving allowance for support. In the alternative, appellant contends that if appellee is permitted to take against the will, decedent's will still expressly bars the statutory allowance for support.

A spouse must make an election to take either under the will or against the will within a one-month period after the service of a citation to elect. R.C. 2106.01(E). However, a spouse may file a motion for an extension of time within that one-month period and a court "for good cause shown" may allow additional time for making an election. *Id.* If a spouse then fails to make an election within the required time, "the surviving spouse shall be conclusively presumed to have elected to take under the will." R.C. 2106.04.

R.C. 2106.05 reads, in pertinent part: "[u]nless the will expressly otherwise directs, an election to take under the will * * * does not bar the right of the surviving spouse to receive the allowance for the support provided by section 2106.13 of the Revised Code." See *Jacobsen v. Cleveland Trust Co.* (1965), 6 Ohio Misc. 173, 35 O.O.2d 366, 217 N.E.2d 262 (holding that surviving spouses are entitled to allowance for support even if they elected to take under the will, unless "the will *expressly* directs otherwise").

---

4. This statute was amended and renumbered R.C. 2106.13 effective May 31, 1990.

Thus, in the instant case, determining whether appellee has taken under the will is instrumental in deciding whether decedent can, through testamentary language, bar the allowance for support. The record shows that the trial court granted appellee an extension of time until November 1, 1991 in which to file an election to take under or against the will. The record contains no election or request to extend the deadline beyond that date prior to its expiration. Nor does the record contain any judgment entry which grants an additional extension. Thus, according to R.C. 2106.01 and 2106.04, appellee is presumed to have taken under the will.

Furthermore, decedent's will reads:

"I give and bequeath to my wife, E. Delores Reddick, the sum of One and 00/100 Dollars ($1.00) to be hers absolutely, said bequest to be in lieu of any statutory allowance for support, right to remain in the mansion house or other statutory provisions."

This language is unambiguous and clearly meets the requirements of R.C. 2106.05. For these reasons, appellant's assignment of error is well taken.

The judgment entry of the Hancock County Court of Common Pleas, Probate Division, is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.