[Cite as *Soltesz v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-365.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| E. Dean Soltesz, | : | |
| Appellant-Appellant, | : | |
| | : | No. 19AP-444 |
| v. | : | (C.P.C. No. 19CV-0262) |
| Ohio Department of Job and Family Services et al., | : | (REGULAR CALENDAR) |
| | : | |
| Appellees-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on February 4, 2020

**On brief:** *E. Dean Soltesz,* pro se. **Argued:** *E. Dean Soltesz.*

**On brief:** *Dave Yost,* Attorney General, and *Rebecca L. Thomas,* for appellees. **Argued:** *Rebecca L. Thomas.*

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} There's no point in pursuing an administrative appeal in court—and in fact, there's nothing to pursue—once the administrative agency has already granted the appellant every entitlement that he claimed through his (necessarily focused) administrative appeal. At that point, with no live controversy before it, the court is legally as well as practically precluded from further involvement, and must dismiss the action. That is what happened here, as we briefly explain on the way to affirming the common pleas court's dismissal because the administrative appeal was moot.

{¶ 2} This case began in the court system as an administrative appeal to the common pleas court taken by appellant E. Dean Soltesz, pursuant to Ohio Revised Code sections 5101.35 and 119.12, from "the Administrative Appeal Decision (Amended

Administrative Appeal Decision/Final Administrative Order) of the Ohio Department of Job and Family Services mailed to him on December 13, 2018." January 11, 2019 Notice of Appeal, filed in the Franklin County Court of Common Pleas.

{¶ 3} That administrative decision, as attached by Mr. Soltesz to his notice of appeal, had "affirmed" a state hearing decision that upheld except with regard to August 2018 "the denial of Appellant's request for re-instatement for [Modified Adjusted Gross Income, "MAGI"] Medicaid from May 2018 through August 2018 due to excess income." *Id.*, attachment at 3, 4. As to the August dispute, the administrative appeal decision noted and approved "an agreement between Appellant and the Agency" whereby Mr. Soltesz "agreed to submit his pay stub for August 7, 2018 to the Agency by November 1, 2018. The Agency agreed to render a new determination of eligibility for MAGI Medicaid for August 2018 only. The Agency would notify appellant of the determination and afford appeal rights." *Id.*, attachment at 3, 4 (also noting that "[o]n October 16, 2018 the Agency notified Appellant it was approving MAGI Medicaid effective September 1, 2018").

{¶ 4} Because the December 13, 2018 administrative decision from which Mr. Soltesz took his appeal to court might in isolation be somewhat opaque, a quick sketch of some of the administrative steps leading up to that decision may provide useful context. The dispute had earlier origins, but it suffices here to observe that by Notice of Action dated June 29, 2018, Mr. Soltesz was notified that he was being "denied Medicaid" because "[y]our income is over the program eligibility standards." June 29, 2018 Notice of Action at 2; January 23, 2019 Initial Hearing Record Certification at 65. Mr. Soltesz responded by requesting a state hearing (with the Ohio Department of Job and Family Services), stating that he disagreed with the "denial of Medicaid" as "proposed in the Notice of Action mailed 06/29/2018." August 10, 2018 State Hearing Request Form; Initial Hearing Record at 204. Subsequent Notice(s) of Action advised Mr. Soltesz that "[w]e will stop Medicaid for * * * E.D. Soltesz * * * on 4/30/2018 because: Your income is over the program eligibility standards," July 26, 2018 Notice of Action at 2; Initial Hearing Record at 219, and that "E.D. Soltesz * * * will get Medicaid beginning on 09/01/2018," October 16, 2018 Notice of Action at 2; Initial Hearing Record at 42.

{¶ 5} Mr. Soltesz appeared before the department's Bureau of State Hearings on October 22, 2018. As reflected in the Notice(s) of Action and as summarized in the State

Hearing Decision affirmed by the December 13, 2018 Administrative Appeal Decision that Mr. Soltesz then appealed to the common pleas court, the dispute was "whether the County Department of Job and Family Services (CDJFS) was correct to deny the Appellant's request for re-instatement for MAGI, from:  05/2018 through 08/2018 because the Appellant's income exceeded the MAGI income standard." November 2, 2018 State Hearing Decision at 3; Initial Hearing Record at 3.  The hearing officer concluded that Mr. Soltesz "was ineligible for Medicaid, MAGI from 05/18 through 07/18 because he was over income." *Id.* at 8.  "Therefore, the CDJFS'[s] determination was correct" as to those three months. *Id.* "Regarding the month of 08/2018, [Mr. Soltesz] verbally withdrew his dispute * * * [from the consideration of the Hearing Officer] after he entered into an agreement with the County Department of Job and Family Services." *Id.*  That agreement regarding August was that:  "[a.]  Appellant agreed to submit his pay stub for 08/07/2018 to the CDJFS by 11/01/18.  [b.] CDJFS will render a new determination of eligibility for MAGI, for 08/2018 only.  [c.]  CDJFS will notify the Appellant in writing and provide him with appeal rights."

{¶ 6}    The hearing officer's summary of the parties' agreement to sever August 2018 from the months at issue in that administrative proceeding is consistent with the transcript of the audiotaped hearing subsequently filed by the department with the common pleas court.  (Although Mr. Soltesz disputes the accuracy of the tape and transcript in certain respects, he does not argue that these alleged deficiencies relate to the agreement about August or to identification of the months then in question.)  The county department agreed to receive and Mr. Soltesz agreed to provide a paystub from "on or about August 7th [2018]." October 22, 2018 administrative hearing transcript at 52-53.  For that month (and with the parties essentially having stipulated to the relevant income levels for May, June, and July), it was agreed that the "Agency will render a new determination." *Id.* at 55.  The county inquired:  "It would be for the month of August.  Are we correct?"  Mr. Soltesz responded:  "Yeah." *Id.* (later adding:  "I believe that more than likely that it will show that I'm above the MAGI, I think it's called, adjusted gross income").  Mr. Soltesz pushed the point:  "I'm just trying to make sure that the records are all the way that they should be and need to be as truthfully, honestly and accurately as we can get in these matters." *Id.* at 56.  The hearing officer reconfirmed that the "[a]gency is going to render a new determination

for * * * the month of August, notify Appellant in writing and provide appeal rights." *Id.* The county and Mr. Soltesz each indicated their agreement with that course of action. *Id.*

{¶ 7} It was against that backdrop that the December 13, 2018 Administrative Appeal Decision upheld the department's denial of Medicaid benefits to Mr. Soltesz for the months of May, June, and July 2018, while noting that benefits for August 2018 would be determined in separate proceedings with separate appeal rights. Mr. Soltesz appealed that Administrative Appeal Decision under R.C. 5101.35, which provides for appeals of such decisions "pursuant to section 119.12 of the Revised Code" and as "governed by section 119.12" with very limited exceptions. R.C. 5101.35(E).

{¶ 8} The statutory charge to the common pleas court reviewing such administrative appeals is not open-ended, but instead rather precisely defined: The common pleas court usually is "confined to the record as certified to it by the agency" and to "newly discovered" evidence that could not reasonably have been adduced before the agency, R.C. 119.12(K); it "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(M).

{¶ 9} In this case, however, the common pleas court ultimately was not required (or permitted) to assess whether the department's determination denying Mr. Soltesz Medicaid benefits for May, June, and July 2018 was supported by reliable, probative, and substantial evidence. That is because while the administrative appeal was pending before the common pleas court, the department acquiesced and "reinstated" Mr. Soltesz's Medicaid eligibility "from May 1, 2018 through July 31, 2018." May 8, 2019 Notice of Action at 1, Ex. 1 to May 20, 2019 Appellee's Combined Memorandum, acknowledged in Appellant's May 28, 2019 Memorandum in Support at 1 and attached Affidavit at 1, 13. Little more than two weeks later, the department moved to dismiss the administrative appeal as moot. May 24, 2019 Motion to Dismiss. The common pleas court granted the motion, after full briefing, agreeing with the department that Mr. Soltesz had received the relief his appeal sought and observing that Mr. Soltesz could offer no "clear statement" as

to what was at issue that was not "now compensated." June 17, 2019 Decision and Entry Granting Appellee's Motion to Dismiss.

{¶ 10} Mr. Soltesz appeals that dismissal, advancing 11 assignments of error:

[I.] The Trial Court abused its discretion to the prejudice of the Appellant, when it dismissed the administrative appeal, where the partial record certified to the Trial Court proves that the Appellant's right to continue to receive benefits should be continued through the date of the administrative hearing decision of November 2, 2018, consistent with OAC 5101:6-4-01(A) and 42 CFR 431.230(a), instead of the July 31, 2018 date decided by the county agency on May 8, 2019, which was challenged with an amendment by affidavit of the Appellant filed in the county agency, as well as the Court below.

[II.] The Trial Court abused its discretion with prejudice against the Appellant in dismissing the case below, after portions of the administrative record were found to be absent from the record certified to the trial court, as proven by the Joint Notice by both parties of the absence of several documents (and other pieces of information), as the Ohio Dept. of Job and Family Services admitted to having done, denying the Appellant due process based upon the manifest weight of the entire record.

[III.] The Trial Court abused its discretion with prejudice against the Appellant by not ruling on whether to sustain or overrule the Appellant's Objection in the Court below to the *partial* hearing transcript, certified and filed by the Ohio Department of Job and Family Services.

[IV.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision in spite of evidence in the trial court's record, proving that the Ohio Department of Job and Family Services failed to certify a complete record of the administrative proceedings to the Court of Common Pleas.

[V.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision in spite of the Appellant's citation of Civ. R. 9(B) for Fraud by the adverse party with respect to the administrative record certified to the Trial Court, the *Volbers-Klarich* Rule, as well as the Appellant's pleadings of fraud with sufficient particularity, including:

    A. A representation (or concealment of a fact when there is a duty to disclose)

    B. That is material to the transaction at hand

    C. Made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred

    D. With intent to mislead another into reling upon it

    E. Justifiable reliance, and

    F. Resulting injury proximately caused by the reliance in the Appellant's Objection to the hearing transcript filed by the state agency in the Court below.

[VI.] The Trial Court abused its discretion with prejudice against the Appellant when it dismissed the appeal of the administrative decision in spite of the Appellant's citation of Superintendence Rules 11(A) through (F); 44(B), (C)(1) and (2)(a) through (f), (h)(i), (D), (E), (F), (G)(1) and (2)(a), (b), (d) and (f), (H), (I), (J), (K); 45; and 47(A)(1) in support of Appellant's motion for supplemental pleadings in the Court below.

[VII.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision without just cause for delay relevant to permitting reasonable time for an investigation to be completed by the US Department of Health and Human Services, concerning any unauthorized use of the Appellant's Protected Health Information (PHI) for the Good Faith requirement of ORC 1347.06 and 1347.12(A)(2)(b)(i) in order to determine as a matter-of-fact whether the administrative decision was lawful.

[VIII.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision, after Appellant alerted the Court of an *edited* administrative hearing record having been filed with the Court by the state agency in violation of OAC 5101:6-6-03(A) and 5160-80-07(A).

[IX.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision without providing an oral hearing for the Appellant, as provided under ORC 119.12(L).

[X.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal of the administrative decision without honoring the jury demand

made to determine, as a matter-of-fact, whether the administrative agency had maintained the privacy and security of the Appellant's PHI, after the completion of a federal investigation initiated by the Appellant.

[XI.] The Trial Court abused its discretion with prejudice against the Appellant, when it dismissed the appeal without just cause for delay, contrary to maintaining the independence of the judiciary from anything having even the appearance of impropriety.

Appellant's brief at viii-xiii.

{¶ 11} Because the dispositive issue is whether the common pleas court was correct that the department's acquiescence as to the May through July 2018 benefits rendered the appeal moot (with the appeal necessarily confined to the issues implicated by the agency order from which the administrative appeal was taken), we consider the assigned errors as a group and address the mootness ruling directly and afresh under a standard of de novo review.

{¶ 12} Matters may become moot issue by issue, or as to an entire case. "Where a question before a court has become moot, the jurisdiction of the court is lost because 'the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions.' * * * * 'When a case is deemed moot, the defending party is entitled to a dismissal as a matter of right.' " *Doran v. Heartland Bank*, 10th Dist. No. 16AP-586, 2018-Ohio-1811, ¶ 13 (citations omitted). "When a case is moot, it must be dismissed because it no longer presents a justiciable controversy." *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6 (citation omitted). "Actions are moot 'when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * "A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." ' " *State ex rel. Cincinnati Enquirer*

*v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.) (further internal citations omitted).

{¶ 13}  The administrative record makes clear that the dispute Mr. Soltesz pursued through the administrative processes and on which he obtained rulings that culminated in the Administrative Appeal Decision he appealed to the common pleas court originally related to Medicaid benefits for the four months of May through August 2018 and then involved May through July, with August having been moved to a separate and subsequent administrative track.  The common pleas court did not err in concluding that Mr. Soltesz's administrative appeal was moot because he had achieved all the relief that the court could have afforded him with regard to the matters on appeal.

{¶ 14}  The department's May 8, 2019 order that Mr. Soltesz is eligible for the benefits from May through July 2018 makes his dispute for those months moot.  And Mr. Soltesz did not pursue relief for the month of August through this chain of administrative appeals.  Rather (and we do not understand him to contest this point), he agreed to have the August matter determined through a separate and subsequent administrative process, with new and separate appeal rights as to that month's benefits; should he have or develop some disagreement with a determination as to August, that hypothetical dispute would not be ripe for consideration as part of this appeal.  With Mr. Soltesz having prevailed on the May through July matters that at one time were properly before the common pleas court on administrative appeal, the controversy that he once had and that the administrative proceedings addressed and determined pending court appeal became moot; the separate agreement with regard to the treatment of the August benefits rendered this particular administrative appeal moot as to that matter as well.

{¶ 15}  By statutory definition, an administrative appeal is limited to an appeal of matters that have been adjudicated administratively, and does not reach matters beyond those that have been so adjudicated.  *See* R.C. 119.12.  We affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J. and BRUNNER, J., concur.

_____