[Cite as *Linder v. Ohio Dept. of Aging*, 2022-Ohio-177.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ILANA LINDER, | : | APPEAL NO. C-210247 |
| | | TRIAL NO. A-1903952 |
| Appellant-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| OHIO DEPARTMENT OF AGING, | : | |
| Appellee-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: January 26, 2022

*Ilana Linder*, pro se,

*David Yost*, Ohio Attorney General*, Angela M. Sullivan*, Assistant Attorney General, and *Theresa R. Dirisamer*, Assistant Attorney General, for Appellee Ohio Department of Aging.

**WINKLER, Judge.**

{¶1} Ilana Linder, pro se, appeals the order of the Hamilton County Court of Common Pleas dismissing on mootness grounds Linder's administrative appeal of the Ohio Department of Aging's ("ODA") decision denying Linder's application to become a provider for an ODA administered program. The record demonstrates that ODA certified Linder as a provider during the pendency of the administrative appeal and that any decision by the lower court on the merits of Linder's appeal could not afford Linder any additional relief. Consequently, we affirm.

## Background Facts and Procedure

{¶2} In January 2019, Linder applied to become a Choices Home Care Attendant provider for the ODA administered Medicaid waiver program PASSPORT. ODA denied her application due to her failure to participate in an in-person precertification review. Linder appealed that decision to the court of common pleas under R.C. 119.12, arguing that former Ohio Adm. Code 173-39-03(B)(4), which was in effect at the time of the application, did not require an in-person precertification review.

{¶3} While Linder's administrative appeal was pending in the common pleas court, Linder submitted a second application to ODA and obtained the sought after certification from the ODA. Her second application was governed by an amended version of the code that changed the challenged language, thereby specifically requiring an in-person precertification review for the provider type at issue.

{¶4} As a result of these subsequent events, ODA filed a motion to dismiss the administrative appeal as moot. ODA's initial motion relied solely on Linder's

reapplication. But ODA later supplemented the motion to dismiss with evidence demonstrating that Linder had been certified as a provider in Ohio and was providing services under a PASSPORT provider agreement. ODA argued the action no longer met the jurisdictional requirement of a justiciable matter.

{¶5} ODA explained that various legal provisions including R.C. 173.39(B) precluded reimbursement to Linder for any preapproval services Linder may have provided to a Medicaid patient. Under the law, the only exception to reimbursement pertained to providers who prior to performing services had a contract with the ODA or its designee, or those who had received a grant to perform the services, *see* R.C. 173.392(A), neither of which applied to Linder. Thus, ODA argued the appeal had been rendered moot by the subsequent approval because the common pleas court could afford Linder no further relief.

{¶6} Linder opposed ODA's initial motion to dismiss the administrative appeal. She claimed her appeal was not moot even if she obtained certification because the court could order reimbursement for services she may have provided before obtaining the necessary certification. Linder, however, did not provide any legal authority allowing such reimbursement.

{¶7} About nine months after ODA supplemented its motion to dismiss, the common pleas court granted ODA's motion and dismissed the appeal on mootness grounds. Linder timely appealed that decision to this court. In one assignment of error, Linder argues the common pleas court erred by dismissing her administrative appeal under the mootness doctrine.

Mootness Doctrine

{¶8} Ohio's Constitution sets forth the fundamental limitations on the jurisdiction of the common pleas courts. *See State ex rel. Barclays Bank PLC v. Court of Common Pleas*, 74 Ohio St.3d 536, 660 N.E.2d 458 (1996). Section 4(B), Article IV of the Ohio Constitution vests the common pleas courts with "such original jurisdiction over all justiciable matters * * * as may be provided by law." This justiciability requirement involves deciding " 'actual controversies between parties legitimately affected by specific facts and render[ing] judgments which can be carried into effect.' " *State ex rel. Barclays Bank PLC* at 542, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970).

{¶9} This case involves an administrative appeal. An actual case or controversy must exist at all stages of appellate review. *See State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170; *In re Bailey*, 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039. A reviewing court "need not render an advisory opinion on a moot question or rule on a question of law that cannot affect matters at issue in a case." *In re Bailey* at ¶ 9. This includes where the controversy has become "hypothetical, academic [and] dead." (Citation omitted.) *State ex rel. Cincinnati Enquirer* at ¶ 6.

{¶10} When a case becomes "technically moot" due to an event occurring after filing, the court should dismiss it unless the court in its discretion determines a mootness-doctrine exception warrants further consideration of an issue. *See, e.g.*, *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 31, 505 N.E.2d 966 (1987); *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991).

{¶11} Generally, an administrative appeal is moot as a matter of law where the record demonstrates the appellant has achieved all the relief the court could afford her with regard to the matters on appeal. *See Soltesz v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 19AP-444, 2020-Ohio-365, ¶ 13. Where an administrative appeal can restore rights of the appellant, the appeal is not academic and, therefore, it is not moot. *See Artists & Writers Assn. v. State Dept. of Liquor Control*, 96 Ohio App. 121, 125-127, 121 N.E.2d 263 (10th Dist.1953). This case, however, does not involve the restoration of rights such as the escrowed liquor license at issue in *Artists & Writers Assn.*

{¶12} Linder argues her administrative appeal is not academic, even though she has now been approved and the challenged code provision amended, because she was denied a significant source of income before her approval. This argument, however, does not overcome the lack of redressability, because the record demonstrates Linder had achieved all the relief that the court could have afforded her with regard to the matters on appeal.

Exceptions to the Mootness Doctrine

{¶13} As previously stated, a court may exercise discretion to address on the merits a "technically moot" case if a mootness-doctrine exception applies. *See, e.g., Franchise Developers*, 30 Ohio St.3d at 31, 505 N.E.2d 966. Linder now argues exceptions to the mootness doctrine apply, including the exception for adverse collateral consequences and the exception for important constitutional questions. *See id.*; *Brown v. City of Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493. ODA contends Linder waived these arguments by failing to raise them in the lower court when opposing the motion to dismiss.

5

**{¶14}** Linder's reply brief contains no citation to her assertion of these arguments in the lower court, and our review of the record demonstrates Linder did not present them to the court below. Granted, ODA first moved for dismissal of the administrative appeal when Linder reapplied for provider certification, instead of waiting until the department approved her certification. The latter event is the dispositive action rendering the administrative appeal moot. But ODA supplemented its motion to dismiss with evidence of, and arguments related to, Linder's subsequent approval. The lower court did not rule on ODA's motion to dismiss for more than eight months after that supplemental filing. Thus, Linder had ample time to bring the mootness-doctrine-exception arguments to the attention of the lower court.

**{¶15}** Because Linder did not present the mootness-doctrine-exception arguments in the lower court, she forfeited her right to raise them for the first time on appeal. *See, e.g., Ditech Fin., LLC v. Balimunkwe*, 1st Dist. Hamilton No. C-180445, 2019-Ohio-3806, ¶ 11, quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("[A] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal]."); *U.S. Bank Natl. Assn. v. Broadnax*, 1st Dist. Hamilton No. C-180650, 2019-Ohio-5212, ¶ 13; *Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-190631, 2020-Ohio-4685, ¶ 33 ("Except for claims of plain error, the failure to raise an issue at the trial-court level acts as a waiver of the issue on appeal."). Moreover, Linder does not argue the plain-error doctrine applies. Thus, this court considers these new arguments waived.

## Conclusion

**{¶16}** The common pleas court did not err by dismissing Linder's administrative appeal on mootness grounds. Accordingly, we overrule the assignment of error and affirm the lower court's judgment.

Judgment affirmed.

**CROUSE, P.J.**, and **BOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.