[Cite as *Williams v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-3817.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

RONALD WILLIAMS,                          :

    Plaintiff-Appellee,                 :

                                   No. 111226

    v.                                  :

CUYAHOGA COUNTY BOARD OF                   :
REVISION, ET AL.,

                           :

    Defendants-Appellants.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** October 27, 2022

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2019-2521

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, *for appellants*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} The Cuyahoga County Fiscal Officer and the Cuyahoga County Board of Revision ("BOR") (collectively "county appellants" hereafter) appeal from a decision of the Board of Tax Appeals ("BTA"). The BTA dismissed an appeal by Ronald Williams and Darylene Doxey-Williams regarding the valuation of their

property for failure to prosecute. An appraiser prepared and filed the instant tax valuation complaint on behalf of the property owners, as permitted by R.C. 5715.19(A), and the BOR determined the value after a hearing. The county appellants, however, ask us to address in this appeal the issue of whether a tax valuation complaint prepared by an appraiser properly invokes the jurisdiction of a board of revision despite the statutory provision. As we explain in the following, the issue is moot due to the BTA's dismissal of this tax matter for failure to prosecute.

{¶ 2} A certified real estate appraiser, Donald Durrah, prepared and filed a tax valuation complaint on behalf of Ronald Williams and Darylene Doxey-Williams regarding the valuation of their property for the tax year 2018. The property was valued at $103,900 by the fiscal officer for the tax year, and the owners sought a decreased value of $60,000. The BOR held a hearing on the complaint. Thereafter, the BOR issued a decision retaining the value of $103,900 as determined by the fiscal officer. The property owners appealed the BOR's decision to the BTA.

{¶ 3} A day before the scheduled hearing before the BTA, the county appellants filed a motion for remand, asking the BTA to remand the case to the BOR with instructions to dismiss the complaint on the grounds that a complaint prepared and filed by an appraiser fails to invoke the BOR's jurisdiction.

{¶ 4} The county appellants made this assertion even though a certified appraiser is specifically identified in R.C. 5715.19(A)(1)(f) as an individual who may file a tax valuation complaint. While R.C. 5715.19 was amended in 1999 to identify a certified appraiser as an individual who may file a tax valuation complaint, the

county appellants maintained that an appraiser's filing of a complaint constitutes the unauthorized practice of law pursuant to *Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997), and that such a complaint fails to invoke a BOR's jurisdiction. Despite its position in *Sharon*, however, the Supreme Court of Ohio subsequently stated that the General Assembly has the authority to determine how the jurisdiction of an administrative board may be invoked. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285. Consequently, beginning with its decision in *Menos v. Cuyahoga Cty. Bd. of Revision*, 2013 Ohio Tax LEXIS 1887 (Ohio B.T.A. April 11, 2013), the BTA has found any persons permitted by the statute, including an appraiser, may prepare and file a valid valuation complaint, even though the Supreme Court has not specifically ruled on this issue.

{¶ 5} On the day of the scheduled hearing on the tax complaint, county appellants filed a notice of voluntary resolution, stating the matter has been resolved voluntarily. However, the parties failed to submit documentation for the alleged settlement and the BTA set a new hearing date for the matter.

{¶ 6} The BTA subsequently denied the motion for remand, citing its decision in *Menos*. *Williams v. Cuyahoga Cty. Bd. of Revision*, 2020 Ohio Tax

LEXIS 1209 (Ohio B.T.A., June 16, 2020).[1]  It then proceeded to hold a hearing on the tax complaint.

{¶ 7}  At the hearing, the property owners failed to appear.  The BOR argued that the subject complaint prepared by an appraiser failed to invoke the BOR's jurisdiction; as to the valuation, it questioned the credibility of the comparable sales used by the appraiser and asserted the fiscal officer's valuation of the property should be affirmed.

{¶ 8}  Because the property owners failed to appear at the hearing on the complaint, the BTA issued a decision dismissing the case for failure to prosecute. The decision states, in its entirety:

> Pursuant to Ohio Adm. Code 5717-1-19, this case is dismissed for failure to prosecute since appellant did not appear at this Board's hearing.  We acknowledge the Board of Revision has asked this Board to reconsider several decisions from this Board wherein we found an appraiser had standing to file valuation complaints.  We decline to overrule those prior cases. We also deny the motion as moot.  For these reasons, this case is dismissed for failure to prosecute.[2]

{¶ 9}  The county appellants dismissed the appeal by the property owners, and the value of the subject property as determined by the fiscal officer remains

---

[1] The record reflects that after the BTA denied the motion, the BOR filed an amended motion for remand (which added additional case law to support its claim) three days before the rescheduled hearing.

[2] OAC 5717-1-19 governs failure to prosecute an appeal.  It states that the BTA "may journalize an order determining an appeal upon the record or dismissing an appeal when the appellant fails to appear at a merit hearing scheduled at the appellant's request and fails to notify the board in advance of the waiver of its right to appear at a hearing."

intact. The county appellants, however, filed a notice of appeal from the BTA's decision. It raises six assignments of error, which are not separately argued as required by App.R. 16(A)(7), and all relate to the issue of whether a tax valuation complaint filed by an appraiser properly invokes the BOR's jurisdiction despite the statutory language delineating appraisers as persons who may file a tax valuation complaint.

{¶ 10} The BOR here exercised its jurisdiction over the complaint pursuant to R.C. 5715.19. It decided the fiscal officer's value of $103,900 would remain unchanged. The property owners appealed the BOR's decision to the BTA, but because of their failure to prosecute, the BTA dismissed the appeal. As such, the BOR's decision regarding the fiscal officer's valuation is undisturbed.

{¶ 11} "Courts do not review cases that no longer present live controversies." *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, 193 N.E.3d 548, ¶ 10. Because the BTA dismissed the tax appeal for failure to prosecute, the claimed controversy regarding whether a tax valuation complaint can be filed by an appraiser despite the statutory provision is now hypothetical and academic only and, as such, this appeal is moot. *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 6. We "'need not render an advisory opinion on a moot question or rule on a question of law that cannot affect matters at issue in a case.'" *Linder v. Ohio Dept. of Aging*, 1st Dist. Hamilton No. C-210247, 2022-Ohio-177, ¶ 9, quoting *In re Bailey*, 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, ¶ 9. *See also Soltesz v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin

No. 19AP-444, 2020-Ohio-365, ¶ 13 (an administrative appeal is moot where appellant has achieved all the relief the court could afford appellant regarding the matters on appeal). For these reasons, this appeal is dismissed as moot.

{¶ 12} Appeal dismissed.

It is ordered that appellee recover of appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR