**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Cincinnati Enquirer v. Hunter,* **Slip Opinion No. 2014-Ohio-5457.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5457

THE STATE EX REL. CINCINNATI ENQUIRER, APPELLEE, *v.* HUNTER, JUDGE, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cincinnati Enquirer v. Hunter,* Slip Opinion No. 2014-Ohio-5457.]**

*Mandamus—Respondent has no authority to provide relief sought—Appeal dismissed as moot.*

(No. 2013-1694—Submitted December 9, 2014—Decided December 16, 2014.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130072, 2013-Ohio-4459.

_____

**Per Curiam.**

{¶ 1} We dismiss this appeal as being moot.

{¶ 2} The Cincinnati Enquirer, appellee, filed a mandamus action against the court administrator of the Hamilton County Juvenile Court, seeking a writ ordering him to reveal the names, and not just the initials, of the juveniles involved in cases on the docket of appellant, Judge Tracie Hunter. Specifically, in

December 2012, a reporter for the Enquirer had requested "the court docket or other documents that show the cases Hamilton County Juvenile Court Judge Tracie Hunter has presided over for Dec. 1-31 of this year." The juvenile court administrator sent to the Enquirer an e-mail with Judge Hunter's docket attached. The attached documents did not contain the names of the juveniles, but were redacted to provide only initials, and the Enquirer insisted on unredacted copies. This dispute eventually resulted in the Enquirer filing this action in mandamus against the administrator in the First District Court of Appeals. The administrator moved to substitute Judge Hunter for himself because he was neither the "clerk" nor the "court" as required by Sup.R. 47(B). The court of appeals agreed and substituted Judge Hunter as respondent.

{¶ 3} The First District Court of Appeals held for the Enquirer and ordered Judge Hunter to produce unredacted copies of her docket. Judge Hunter appealed, and filed her merit brief in this court on January 3, 2014. On January 10, 2014, we disqualified Judge Hunter from acting as a judge under Gov.Jud.R. III(6)(A). *In re Disqualification of Hunter*, 137 Ohio St.3d 1467, 2014-Ohio-59, 1 N.E.3d 432.

{¶ 4} Actions are moot:

"when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * * 'A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered,

for any reason cannot have any practical legal effect upon a then-existing controversy.' "

*In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11, quoting *Grove City v. Clark*, 10th Dist. Franklin No. 01AP–1369, 2002-Ohio-4549, 2002 WL 2025334, at ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82 (1948).

{¶ 5} A live controversy no longer exists here. Judge Hunter has neither a docket nor control over the documents associated with her docket from December 2012, which are the documents at issue in this case. Judge Hunter no longer has the power to provide the relief sought, that is, access to the requested records.

{¶ 6} In short, the controversy in this case has become "hypothetical, academic and dead." *Id*. The appeal is moot and is dismissed.

Appeal dismissed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————————

Graydon, Head & Ritchey, L.L.P., John C. Greiner, and Darren W. Ford, for appellee.

James F. Bogen; and McKinney & Namei Co., L.P.A., and Firooz T. Namei, for appellant.

Timothy Young, Ohio Public Defender, and Jill Beeler, Assistant Public Defender; Ohio Justice & Policy Center and Ngozi V. Ndulue; and Children's Law Center, Inc., and Kim Tandy, in support of neither party, for amicus curiae Children's Law Center, Inc.

———————————