[Cite as *Tiefenbacher v. Shorter*, 2021-Ohio-2624.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Danyel Tiefenbacher

     Appellee

v.

Lamarr L. Shorter, et al.

     Defendant

[Cecelia Short-Appellant]

Court of Appeals No. L-20-1186

Trial Court No.  CVG-20-10673

**DECISION AND JUDGMENT**

Decided:   July 30, 2021

* * * * *

Douglas A. Wilkins, for appellee.

Cecelia P. Shorter, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Cecelia Shorter, appeals the judgment of the Toledo Municipal

Court, Housing Division, granting possession of the premises at 2846 Rathbun Dr. Upper

Unit, Toledo, Ohio, to appellee, Danyel Tiefenbacher. For the reasons that follow, we find the assignments of error presented not ripe for review and/or moot, and we dismiss the appeal.

## I. Facts and Procedural Background

{¶ 2} On September 23, 2020, appellee filed a landlord's complaint seeking to have appellant evicted and the premises returned to him. The complaint also sought a monetary award for any unpaid utility bills, unpaid rent, attorney fees, and property damage. The complaint and summons were served upon appellant, and the matter proceeded to a hearing before the magistrate on October 14, 2020, on the eviction proceedings.

{¶ 3} At the October 14, 2020 hearing, appellant's counsel sought to withdraw from the case upon appellant's request. Appellant then proceeded pro se.

{¶ 4} Appellee called Derek DeVerna as a witness. DeVerna testified that he is appellee's real estate broker and property manager. DeVerna stated that appellee purchased the property at 2846 Rathbun Dr. Upper Unit, Toledo, Ohio, in July 2020. At that time, appellant was a tenant of the property on a month to month lease. DeVerna identified appellant's original lease which was executed on August 30, 2009, for a one-year term. DeVerna also identified an addendum to the August 30, 2009 lease agreement, which was executed on November 9, 2015, and which renewed the lease on a month to month basis. Both the original lease agreement and the addendum were entered into evidence.

2.

{¶ 5} On July 22, 2020, DeVerna posted to appellant's front door a 30-day Notice of Termination of Tenancy pursuant to R.C. 5321.17, informing appellant that her lease was being terminated and that she must vacate the premises by August 31, 2020. Appellant acknowledged receiving the notice. DeVerna testified that appellant did not vacate, so on September 16, 2020, appellant was served with a three-day notice to vacate pursuant to R.C. 1923.04, instructing her to leave the premises by September 22, 2020. DeVerna testified that to the best of his knowledge, appellant was still in the premises at the time of the hearing.

{¶ 6} Appellant then testified on her own behalf. Appellant testified that she was being evicted in retaliation for speaking with government agencies about the condition of the property and the results of an inspection. Appellant also testified that appellee offered her the option of not paying the August rent if she agreed to leave the premises by September 1, 2020. Appellant submitted a letter from DeVerna to that effect, but which also informed appellant that if she did not leave by September 1, 2020, then the August rent would still be owed and would become part of the eviction case. Appellant then testified that when she did not leave the premises on September 1, 2020, appellee installed a lock on her door and illegally evicted her son. Finally, appellant remarked that she would be out of the residence by November 3, 2020.

{¶ 7} Appellee then recalled DeVerna, who testified that he did not place a lock on appellant's door. DeVerna explained that there was a leak in the bathroom of the lower unit that needed to be addressed quickly, so he installed a lockbox on the door so that the

3.

handyman could access a key to get inside of the building. DeVerna authenticated a picture of the lockbox on the door, which was entered into evidence. DeVerna further testified that appellant removed the doorknob around which the lockbox was hanging, and that the doorknob could only have been removed from the inside; facts to which appellant later admitted.

{¶ 8} Following the hearing, on October 14, 2020, the magistrate issued his decision, finding that appellant was in possession of the premises without the color of title, that the lease had been terminated as of August 31, 2020, and that notice to vacate was properly served. The magistrate thus entered judgment for appellee for possession of the premises. The magistrate further ordered that appellant had until November 12, 2020, to respond to appellee's complaint for monetary damages. The trial court approved and adopted the magistrate's decision on October 15, 2020, and the entry was journalized on October 16, 2020.

{¶ 9} On October 16, 2020, appellant filed her objections to the magistrate's decision, but did not include a transcript from the October 14, 2020 hearing, nor did she request a continuance for the preparation of a transcript. On October 20, 2020, the trial court denied appellant's objections for failure to provide a transcript.

{¶ 10} Also on October 20, 2020, appellant filed a motion to dismiss the eviction. In her motion, appellant repeated the same arguments that she was retaliated against and that she was locked out of the premises. In addition, included with the motion to dismiss

4.

was an answer to appellee's complaint for monetary damages, as well as her own demand for damages in the amount of $10,000.

{¶ 11} On October 29, 2020, appellant filed a notice of change of address with the court, informing the court of her new address on Wyndhurst Road, Toledo, Ohio. At the same time, appellant filed a second answer with an apparent counterclaim for damages. Appellant alleged that appellee retaliated against her by seeking an eviction, and committed the intentional tort of conversion by locking her out of the premises on September 1, 2020. Appellant alleged that she was mentally disabled, and suffered property, mental, and emotional damages. Appellant also sought damages for six weeks of housing at Motel 6 from September 1, 2020, through October 14, 2020. The total amount of damages sought by appellant was $10,000.

{¶ 12} On November 5, 2020, the writ of restitution for the set out of appellant was executed. The journal entry for the writ of restitution contained a notation: "Tenant Moved/Turned in Keys. Note: Per voicemail-Derrick."

{¶ 13} On November 10, 2020, the trial court denied appellant's motion to dismiss the eviction.

{¶ 14} Also on November 10, 2020, appellant filed her notice of appeal from the trial court's October 16 and 20, 2020 judgments, which respectively granted the eviction and denied appellant's objections to the magistrate's decision. Appellee's claim and appellant's counterclaim for monetary damages remain pending in the trial court, and have been stayed by the trial court during the course of this appeal.

5.

## II.  Assignments of Error

{¶ 15} Appellant now lists 20 assignments of error for our review:

1. Trial Court abused its' discretion in denying appellants' motion for a continuance to answer Summons within 28 days filed before Court on October 14, 2020.

2. Trial Courts' decision went against manifested weight of evidence, a miscarriage of justice.

3. Trial courts' decision based upon realtor as an expert witnesses; not a locksmith.

4. Trial court denied appellant right to produce evidence of discrimination relating to retaliation; a miscarriage of justice.

5. Trial Court erred, Decision contrary to O. R. C.'s 5321.15.

6. Trial Court erred, Decision contrary to 5321.04 (1 & 3) & 1923 evictions.

7. Trial court erred in denying Appellant their 14th Amendment under the of freedom of Speech at hearing on October 14, 2020 without enabling appellant a trial.

8. Trial court erred in evicting appellant, et al.  Decision was without credible evidence to all essential elements of the case as appellant cited retaliation and self-help tactic/ lock put on door.  **[Rule of Evidence 702]**.

9. Trial Court went against O. R. C. §5321.02 not hearing grounds on retaliation which prohibits landlord from retaliating by...... bringing or threatening to bring an eviction.

10. Trial Court erred denying Appellant right to submit via text conversation at hearing.

11. Trial Court erred misapplying the burden of proof requirement regarding claim of Retaliation / discrimination for Appellee's actions against Appellant.

12. Trail Court erred granting Appellee a double eviction, condoning constructive eviction, then The Court: awarding Appellee procession of premises.

13. Trail Court erred rendering a bias Decision on behalf of Appellee going against laws of the Ohio Landlord/ Tenant Acts of 1974.

14. Trial Court erred denying Appellant the right to show Appellee acted in bad faith having dirty hands bringing action before the court, unethically suborning perjury.

15. Trial Court erred not determining that Appellee's act of making Appellant et al. holdover tenants when not renewing lease constituted discriminative/retaliatory conduct; after offering Appellant et al. a Lease.

7.

16. Trail Court erred not allowing Appellant to assert at hearing, due to denial of a trial, all defenses in Action under Chapter 1923.061 (A) of the Revised Codes. Any defense in an action under this chapter (A6) may be asserted at trial; trial denial and substituted with hearing; bias; Judicial Hellhole.

17. Trial Court erred under the Ohio Civil Rights Act of 1968 denying Appellant the right to show Appellee actions for denial to rent due to Appellant et al. disabilities.

18. Trial Court erred not allowing Appellant the right to a trial to show Appellee violated Fair Housing Act; or (4A) grounds of refusal to rent due to Appellant et al. disabilities being physical and mental impairments.

19. Lower Court erred taking Appellee word unannounced lock placed on door violated Defendants' rights to a peaceable, enjoyment and an unlawful eviction under §5321.

20. Lower Court erred not allowing Defendant to be heard having a trial on the facts showing Plaintiff had offered a lease before deciding to discriminate and retaliate. (All sic.)

### III. Analysis

{¶ 16} Appellant does not separately argue her assignments of error, but rather makes several claims in her argument, including (1) that the trial court denied appellant

8.

an opportunity to respond to the eviction proceedings within 28 days, which would have allowed her time to present evidence that her eviction was in retaliation for complaining to government agencies about the conditions of the property, (2) that the trial court's decision was based mainly upon appellant being mentally impaired and a client of the Mental Health Center, (3) that the magistrate's decision was an abuse of discretion and against the weight of the evidence, (4) that her eviction was unlawful in that it was in violation of landlord/tenant laws and was retaliation for complaining to government agencies, and (5) that appellant was denied the freedom of expression, freedom of assembly, freedom of speech, the right to a fair trial, and the right to equal treatment under the law.

{¶ 17} In addition to her arguments, appellant seeks damages for being illegally evicted twice—with one of those times being a constructive eviction—for contributory negligence, discrimination, and retaliation.  As part of those damages, appellant seeks compensation for a panic attack that she had, as well as mental anguish and mental and emotional stress, and for her housing search.  Appellant also seeks punitive damages, and court costs.  In total, appellant seeks $10,000, or whatever amount the court deems fair and equitable.

{¶ 18} Appellee, in response, argues that the trial court appropriately granted the eviction where appellee lawfully served appellant with a notice of termination of the month-to-month lease and a notice to leave the premises, and where appellee lawfully filed an action in forcible entry and detainer.  Further, appellee argues that appellant did

9.

not did not demonstrate that the eviction proceedings were retaliation, nor did appellant demonstrate that appellee engaged in self-help by locking her out of the premises. Finally, appellee argues that since appellant did not seek a stay of the judgment of eviction, and since she has now vacated the premises, her appeal of the eviction order is moot.

{¶ 19} At the outset, we note that only the trial court's October 16 and 20, 2020 orders are before us on appeal. The remaining claim and counter-claim for monetary damages are still pending in the trial court, and have not yet been subject to a final order. "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 18, quoting *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. Thus, to the extent that appellant's brief raises issues pertaining to an award of monetary damages, those issues are not before us on appeal.

{¶ 20} Turning now to appellant's arguments pertaining to the order of eviction, we agree with appellee that those arguments are moot. An action in forcible entry and detainer "determines the right to immediate possession of the property and nothing else." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. "[O]nce a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." *Landings at Beckett Ridge v. Holmes*, 12th

10.

Dist. Butler No. CA2020-04-050, 2020-Ohio-6900, ¶ 30, citing *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7.

{¶ 21} "The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14." *Id.*, citing *Front St. Bldg. Co., L.L.C. v. Davis*, 2d Dist. Montgomery No. 27042, 2016-Ohio-7412, ¶ 18. "The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond." *Id.*, quoting *Davis* at ¶ 18; *Colonial Am. Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 73, 549 N.E.2d 513 (1990) ("If judgment is entered against a defendant in a forcible entry and detainer action, he or she may delay execution and thereby eviction by filing a timely appeal pursuant to App.R. 4 and by posting a supersedeas bond."). "If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises." *Holmes* at ¶ 30, citing *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 and 2012 CA 21, 2012-Ohio-3594, ¶ 5.

{¶ 22} Here, appellant has failed to seek a stay of execution or post a supersedeas bond. Furthermore, the writ of restitution has been executed and appellant has left the property. Therefore, the appeal is moot. *See Holmes* at ¶ 31; *AKP Properties, LLC v. Rutledge*, 5th Dist. Stark No. 2018CA00058, 2018-Ohio-5309, ¶ 17, 21 ("Though appellant requested a stay of the trial court's order, appellant failed to comply with this Court's order granting the stay which required her to pay monthly rent. Thus, we vacated

11.

the stay and appellant vacated the property. * * * Accordingly, the instant appeal is moot."); *Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657, ¶ 8 ("[A]ppellants failed to obtain a stay of execution and were evicted from the premises pursuant to a writ of restitution; accordingly, their appeal of the trial court's judgment granting restitution of the premises to appellee is moot."); *Cherry* at ¶ 5 ("While Morgan filed a motion for a stay of execution with the trial court which was overruled, he failed to seek a stay with this Court nor did he post a supersedeas bond. Accordingly, the instant appeal is moot."); *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693, ¶ 9 ("Inasmuch as the appellants have failed to post that surety bond and have given up possession of the premises, we have no choice but to find the cause moot.").

{¶ 23} Because appellant's appeal is moot, we do not reach the merits of her assigned errors. *See State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987), syllabus ("Where the appellate court hears and decides an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the appeal had been dismissed.").

## IV. Conclusion

{¶ 24} For the foregoing reasons, we find that appellant's appeal from the trial court's October 16 and 20, 2020 judgment entries is moot. Accordingly, this appeal is dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                            JUDGE

Thomas J. Osowik, J.

                                  _____
Gene A. Zmuda, P.J.                         JUDGE
CONCUR.

                                  _____
                                            JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.