**[Cite as *Park Lane Apts. v. Parks*, 2021-Ohio-3510.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Park Lane Apartments                           Court of Appeals No. L-20-1208

    Appellee                                   Trial Court No. CVG-20-10246

v.

Devon Parks                                    **DECISION AND JUDGMENT**

    Appellant                                  Decided:  September 30, 2021

* * * * *

Devon Parks, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} This matter is before the court on the appeal filed by appellant, Devon Parks, contesting the trial court's decision overruling his objections to a magistrate's decision that granted a writ of restitution to appellee, Park Lane Apartments.  Because the case is moot, we dismiss Parks's appeal.

{¶ 2} Mootness is an issue of subject-matter jurisdiction; appellate courts have no authority to decide moot appeals. *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 9. Thus, mootness can be raised by the appellate court sua sponte. *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 18, citing *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 413 (1971). An issue is moot when it is or has become "fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." (Internal quotations omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4.

{¶ 3} Evidence that a case is moot can come from outside of the record. *Darr v. Livingston*, 2017-Ohio-841, 85 N.E.3d 1260, ¶ 16 (10th Dist.), citing *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. In deciding whether an issue is moot, an appellate court can sua sponte take judicial notice of "facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," which include "public records and government documents available from reliable sources on the internet." *Id.* at ¶ 16, 18 (finding that county auditor's online records were sufficient evidence of mootness), citing *Mountaineer Invests., LLC v. Performance Home Buyers, LLC*, 2d Dist. Montgomery No. 24173, 2011-Ohio-3614, ¶ 11; *Ussher v. Ussher*, 2d Dist. Champaign No. 2009-CA-49,

2.

2011-Ohio-1440, ¶ 6, fn. 3; and *States Resources Corp. v. Hendy*, 9th Dist. Summit No. 25423, 2011-Ohio-1900, ¶ 20.

{¶ 4} In the course of determining this appeal (i.e., Parks's appeal of Toledo Municipal Court case No. CVG-20-10246), it came to our attention that Park Lane had filed a second forcible-entry-and-detainer action against Parks. *See In re Disqualification of Howe*, 163 Ohio St.3d 1281, 2021-Ohio-1683, 170 N.E.3d 909. For purposes of determining whether this appeal is moot, we take judicial notice of the following facts from the electronic docket maintained by the Toledo Municipal Court clerk in Toledo Municipal Court case No. CVG-21-01801.

{¶ 5} On February 9, 2021, Park Lane filed its second eviction complaint. On April 29, 2021, the trial court approved the magistrate's decision granting possession of the premises to Park Lane, issuing a writ of restitution, and ordering the bailiff to execute the writ. The eviction was scheduled for May 28, 2021. On May 28, the bailiff filed a return of service on the writ of restitution indicating that Park Lane "Took Possession on Own." Parks did not file an appeal of the trial court's April 29, 2021 decision or seek a stay of execution.

{¶ 6} Because "[a]n action in forcible entry and detainer 'determines the right to immediate possession of the property and nothing else[,]'" the appeal of an eviction is moot when the landlord retakes possession of the property. *Tiefenbacher v. Shorter*, 6th Dist. Lucas No. L-20-1186, 2021-Ohio-2624, ¶ 20, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. This is

3.

because once a landlord retakes the property, "'there is no further relief that can be granted.'" *Id.*, quoting *Landings at Beckett Ridge v. Holmes*, 12th Dist. Butler No. CA2020-04-050, 2020-Ohio-6900, ¶ 30; *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7. The sole method for the party appealing a forcible-entry-and-detainer action to avoid mootness is by seeking and receiving a stay of execution after filing the appeal and posting any required bond. R.C. 1923.14(A); *Tiefenbacher* at ¶ 21.

{¶ 7} Here, although Parks sought and received from this court a stay of execution in case No. CVG-20-10246, and our order staying execution did not require him to post any bond, we nonetheless find that Parks's appeal is moot. This case is unique because, even if we were to rule in Parks's favor and reverse the trial court's judgment granting Park Lane a writ of restitution, "'there is no further relief that can be granted.'" *Id.* at ¶ 20, quoting *Landings at Beckett Ridge* at ¶ 30. Parks was evicted from the premises in a separate, unrelated eviction action—case No. CVG-21-01801—which terminated his right to possession of the property. Nothing this court decides related to case No. CVG-20-10246 will "definitely affect existing legal relations" between Parks and Park Lane; thus, the issues Parks raises in his appeal have become "fictitious, colorable, hypothetical, academic or dead." (Internal quotations omitted.) *Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, at ¶ 4. As such, we have lost subject-matter jurisdiction over Parks's appeal, and have no authority to render a decision. *S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, at ¶ 9.

4.

**{¶ 8}** Accordingly, we dismiss Parks's appeal as moot.  Parks is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal Dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.          _____
                                                    JUDGE

Gene A. Zmuda, P.J.          

                                                _____
Myron C. Duhart, J.                              JUDGE
CONCUR.

                                                _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.