[Cite as *OIG Homes, L.L.C. v. Stricklen*, 2021-Ohio-3769.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

OIG Homes, LLC

     Appellee

v.

Dawn Clark Stricklen, et al.

     Defendant

[Todd Stricklen-Appellant]

Court of Appeals No. L-21-1029

Trial Court No. 20 CVG 00480

**<u>DECISION AND JUDGMENT</u>**

Decided: October 22, 2021

* * * * *

Matthew J. Weisenburger, for appellee.

Todd Stricklen, pro se

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Todd Stricklen, appeals the February 4, 2021 judgment of the Oregon Municipal Court, which granted judgment to plaintiff-appellee, OIG

Homes, LLC, for restitution of the premises located at 2710 Seaman Road in Oregon, Ohio. The matter was fully briefed and is now decisional. However, the trial court record indicates that Stricklen vacated the property on September 23, 2021, after failing to deposit a $1,000 supersedeas bond, as he had been ordered to do as a condition of stay of the execution of the writ of restitution.

{¶ 2} As we explained recently in *Tiefenbacher v. Shorter*, 6th Dist. Lucas No. L-20-1186, 2021-Ohio-2624, ¶ 20, an action in forcible entry and detainer "determines the right to immediate possession of the property and nothing else." (Internal citations and quotations omitted.) *Id.* "[O]nce a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." (Internal citations and quotations omitted.) *Id.*

{¶ 3} The only way for a defendant appealing a judgment of forcible entry and detainer to prevent the cause from becoming moot is described in R.C. 1923.14. *Id.* That statute "provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond." (Internal citations and quotations omitted.) *Id.* at ¶ 21. "If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises." (Internal citations and quotations omitted.) *Id.*

2.

{¶ 4} Here, Stricklen filed a timely notice of appeal and sought and was granted a stay of execution on February 9, 2021. The stay required Stricklen (1) to post a supersedeas bond of $3,000, representing a $1,000 monthly rental obligation for February and March 2021, along with a $1,000 security deposit, and (2) to post a supersedeas bond of $1,000 every month by the first of each month during the pendency of appeal.

{¶ 5} In a September 13, 2021 judgment, the municipal court found that Stricklen violated the terms of the stay by failing to deposit $1,000 in September of 2021, therefore, the court lifted the stay and scheduled execution of the writ of restitution for September 23, 2021. The writ of restitution was returned and filed with the court on September 23, 2021, and indicates that Stricklen "is in the process of moving" and was "evicted from the property."

{¶ 6} Accordingly, Stricklen's appeal has been rendered moot by his eviction from the premises. *See Valente v. Johnson*, 4th Dist. Athens No. 06CA31, 2007-Ohio-2664, ¶ 22 ("Tenant did seek a stay of execution, but failed to perfect it by posting the required bond. Because she did not perfect a stay of the writ of restitution, it was executed on August 31, 2006, causing Tenant's ouster from the premises. Thus, her appeal of the forcible entry and detainer action is moot, and we need not consider it."). We dismiss Stricklen's appeal. All pending motions are rendered moot.

{¶ 7} The costs of this appeal are assessed to Stricklen under App.R. 24.

Judgment affirmed.

3.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.