[Cite as *State ex rel. Morrow Cty. Job & Family Servs. v. Morrow Cty. Court of Common Pleas*, 2022-Ohio-2549.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL, MORROW COUNTY JOB AND FAMILY SERVICES, CHILDREN SERVICES DIVISION, AND SUNDIE BROWN EXECUTIVE DIRECTOR, MORROW COUNTY JOB AND FAMILY SERVICES | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| Relators | Case No. 2022CA0007 |
| -vs- | |
| MORROW COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, AND HON. ROBERT C. HICKSON, JR. | O P I N I O N |
| Respondents | |

CHARACTER OF PROCEEDINGS:     Writ of Prohibition

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     July 25, 2022

APPEARANCES:

For Relators

DREAMA K. REESE
Morrow County Job and Family Services
619 West Marion Road
Mt. Gilead, Ohio 43338

For Respondents

GEORGE D. JONSON
COOPER D. BOWEN
Montgomery Jonson, LLP
600 Vine Street – Suite #2650
Cincinnati, Ohio 45202

*Hoffman, J.*

**{¶1}**   On May 13, 2022, Relators Morrow County Job and Family Services, Children Services Division, and Sundie Brown, Executive Director Morrow County Job and Family Services (collectively, "MCJFS") filed an Original Action for Writ of Prohibition. Respondents, Morrow County Court of Common Pleas, Juvenile Division, and The Honorable Robert C. Hickson, Jr. (collectively, "Judge Hickson") moved to dismiss the petition on June 2, 2022 based on mootness. Judge Hickson's motion is granted under Civ.R. 12(B)(6) because the writ does not present a facially viable claim for relief.

## Background

**{¶2}**   This original action stems from a complaint MCJFS filed on March 2, 2022, alleging abuse, neglect and/or dependency in the matters of two minor children. Judge Hickson conducted a shelter care hearing on March 4, 2022, and granted temporary custody of the minor children to MCJFS pending an adjudicatory hearing on the complaint. Judge Hickson thereafter conducted an uncontested adjudicatory hearing on April 8, 2022. The children were adjudicated dependent under R.C. 2151.04(C) and maintained in the temporary custody of MCJFS pending a disposition hearing.

**{¶3}**   On April 27, 2022, MCJFS received a copy of the Journal Entry on Adjudicatory Hearing and Notice of Hearing signed by Judge Hickson on April 22, 2022.

**{¶4}**   The entry states, in pertinent part:

> **This matter shall come before the Court upon Disposition Hearing on May 27, 2022, at 2:30 p.m.** with MCJFS specifically **ORDERED** to timely subpoena all clinicians who have seen, or are seeing either mother or father at any time, more specifically Dr. Prince[ss] Black, and that MCJFS

is further ordered to obtain a written report (including all assessments and treatment reports) from any clinician and to file with the Court all reports no less than seven (7) days before the next court Hearing.

**{¶5}** (Emphasis sic.)

**{¶6}** Thereafter, MCJFS filed this writ of prohibition. MCJFS asserts Judge Hickson's Journal Entry is an exercise of judicial power that is unauthorized by law. MCJFS maintains the Morrow County Juvenile Court is a statutory court with limited jurisdiction that may only exercise those powers specifically conferred upon it by legislative action. MCJFS further contends under R.C. 2157.07 the juvenile court only has the powers and jurisdiction granted to it under Chapters 2151 and 2152 of the Revised Code. Specifically, MCJFS asserted Judge Hickson has no jurisdiction over "all clinicians" or Dr. Princess Black who Judge Hickson ordered to be subpoenaed by MCJFS for the disposition hearing.

**{¶7}** MCJFS points out Judge Hickson is not a party to the juvenile court proceedings and does not have a case-in-chief to present, does not bear the burden of proof and does not represent any clients in the underlying abuse, neglect and/or dependency case. Thus, MCJFS concludes Judge Hickson is not permitted to issue subpoenas by proxy or independently investigate matters pending before the juvenile court.

**{¶8}** MCJFS further alleges the Journal Entry states: "Intake Caseworker for MCJFS, Noelle Parish, was placed under oath and testified * * * Dr. Prince[ss] Black has been engaged to complete mother's assessment and will not be discussing possible

criminal charges with the parents." MCJFS asserts Noell Parish provided no such sworn testimony at the adjudicatory hearing. Further, Dr. Princess Black is unknown to MCJFS and has not been hired to complete mother's assessment or to provide any case plan services to the family.[1]

{¶9}   Instead, the appointed guardian ad litem, Michelle Delery Stratman, provided Dr. Princess Black's name via email to all counsel and/or parties at the adjudicatory hearing. Ms. Stratman indicated Dr. Princess Black, a psychologist, performs psychological evaluations and/or assessments in an adjacent county and may be available to provide services to the parents.

{¶10} MCJFS asks this Court to issue a writ prohibiting Judge Hickson from issuing subpoenas, by proxy, for witnesses who are not subject to the jurisdiction of the juvenile court; not a party to the proceedings; and not presented by MCJFS as part of the state's case-in-chief. MCJFS also asks the Court to issue an order directing Judge Hickson to vacate the unlawful orders issued in these matters on April 22, 2022, and prohibit him from exercising judicial power to issue orders unauthorized by law.

{¶11} On June 2, 2022, Judge Hickson filed a Motion to Dismiss based on mootness. He asserts he vacated portions of the April 22, 2022 Journal Entry, in a Journal Entry filed on May 24, 2022, rendering the pending writ of prohibition moot. In their response to the dismissal motion, MCJFS acknowledges this fact but opposes dismissal of its writ on mootness identifying nine other cases where Judge Hickson has allegedly issued similar orders.

---

[1] We also note although Dr. Black is not a party to this matter, the doctor can file a motion to quash the subpoena as any other subpoenaed person may do.

*A. Applicability of mootness doctrine*

**{¶12}** Although we find the current writ to be moot because Judge Hickson vacated a portion of his April 22, 2022 Journal Entry that serves as the basis for this writ, we will nonetheless address the merits. A recognized exception to the mootness doctrine exists for cases "capable of repetition, yet evading review[.] *State ex rel. Cincinnati Enquirer v. Bronson*, 191 Ohio App.3d 160, 2010-Ohio-5315, 945 N.E.2d 551, ¶ 8 (12th Dist.). It is within the Court's authority to raise this exception sua sponte. *Park Lane Apartments v. Parks*, 6th Dist. Lucas No. L-20-1208, 2021-Ohio-3510, ¶ 2. The exception applies under the following conditions: "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is 'a reasonable expectation that the same complaining party will be subjected to the same action again.' " *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000).

**{¶13}** The first element is satisfied here because Judge Hickson can amend his orders removing the challenged language before the abuse, neglect and/or dependency case is fully litigated. An amendment to the Journal Entry that removes challenged language precludes this Court's ability to address the issue on appeal. The second element is satisfied because the issue is clearly capable of repetition as pointed out by MCJFS in the nine other cases they reference where Judge Hickson allegedly ordered the issuance of similar subpoenas.

**{¶14}** Therefore, because the exception to the mootness doctrine applies, we will proceed to rule on the merits of the petition for writ of prohibition because the issues are "capable of repetition, yet evading review."

## II. Elements for writ of prohibition and Civ.R. 12(B)(6) standard of review

### *A. Writ of prohibition elements*

{¶15} The purpose of a writ of prohibition is to stop an inferior court or judicial officer from acting beyond the scope of their jurisdiction. (Citation omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). A writ will only be issued when it can be established that: (1) a lower court or officer is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is clearly not authorized by law; and (3) a denial of the writ would cause an injury for which no adequate legal remedy exists. (Citation omitted.) *See State ex rel. Hunter v. Summit Cty. Human Resource Comm.*, 81 Ohio St.3d 450, 451, 692 N.E.2d 185 (1998). The Supreme Court has consistently stated a writ of prohibition is an extraordinary remedy which should be not granted routinely or easily. *Jones* at 73.

{¶16} Thus, prohibition will not lie unless it clearly appears the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. Absent an unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law by way of an appeal from the court's holding it has jurisdiction. (Citations omitted.) *State ex rel. Rootstown Loc. School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 504, 1992-Ohio-132, 597 N.E.2d 116.

**{¶17}** Further, "[t]he writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." (Citations omitted.) *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950).

*B. Civ.R. 12(B)(6) standard*

**{¶18}** In the present matter, we find dismissal appropriate under Civ.R. 12(B)(6). "When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party." *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

**{¶19}** In *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20, citing *Taylor v. London*, 88 Ohio St.3d 137, 139, 723 N.E.2d 1089 (2000), the Ohio Supreme Court explained:

> "Civ.R. 12(B)(6) dismissals may be based on 'merits' issues such as the availability of an adequate remedy in the ordinary course of law. The applicable Civ.R. 12(B)(6) standard is whether, after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief."

### III. Analysis

{¶20} MCJFS maintains it is entitled to the requested relief because Judge Hickson's April 22, 2022 Journal Entry unambiguously exceeds the court's statutory authority and/or powers under R.C. 2151. Specifically, MCJFS contends Judge Hickson has no jurisdiction over "all clinicians" or Dr. Princess Black – the witnesses ordered to be subpoenaed by MCJFS for the disposition hearing. We disagree.

{¶21} "[I]f a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper." *Leatherworks Partnership v. Straud,* 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 17. This conclusion is based on the fact "even if the trial court [exceeds] its power in performing a specific act, the relator has an adequate legal remedy because the decision to exercise jurisdiction can be fully reviewed in a direct appeal." *Id.*

{¶22} An exception to this rule exists, even if the trial court has general jurisdiction over the matter before it, if the lack of jurisdiction is patent and unambiguous. *State ex rel. Jones*, 84 Ohio St.3d at 74, 701 N.E.2d 1002. Under that scenario, a relator is no longer required to establish the lack of an adequate remedy. *State ex rel. Rogers v. McGee Brown*, 80 Ohio St.3d 408, 410, 686 N.E.2d 1126 (1997).

{¶23} The jurisdictional defect exception test is whether the lack of jurisdiction is "patent and unambiguous" "if there are no set of facts under which a trial court or judge could have jurisdiction over a particular case[.]" *Leatherworks* at ¶ 19. "On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts

before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue." *Id.*

"The logic behind the foregoing proposition is that if a trial court possesses general jurisdiction over a particular subject matter, it should be allowed to determine its own jurisdiction. If that determination is legally incorrect, a party can challenge the court's decision through an appeal of the decision at that conclusion of the action at the trial level. It is only when a trial court does not have general jurisdiction over a subject matter that a writ of prohibition will lie; i.e., a lack of jurisdiction is only patent and unambiguous when the court's own findings, even if supported by the evidence, do not support the exercise of jurisdiction."

**{¶24}** (Citation omitted.) *State ex rel. Lee v. Trumbull Cty. Probate Court*, 11th Dist. Trumbull No. 97-T-0150, 1999 WL 744032, *6 (Sept. 17, 1999).          -

**{¶25}** Here, MCJFS challenges Judge Hickson's statutory authority and/or powers under R.C. 2151 to order MCJFS to subpoena certain persons and reports. MCJFS asserts Judge Hickson exceeded his statutory authority and powers. Importantly, MCJFS does not allege Judge Hickson lacked jurisdiction to issue the April 22, 2022 Journal Entry only that he exceeded his authority in issuing it. "A trial court has broad discretion in managing its docket, setting case schedules, and *scheduling orders*." (Emphasis added.) *Sonis v. Rasner*, 8th Dist. Cuyahoga No. 101929, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 40.

**{¶26}** Based on the discretionary authority given Judge Hickson with regard to scheduling orders, "an extraordinary writ will not issue to control [his] judicial discretion, even if that discretion is abused." *Berthelot v. Dezso*, 86 Ohio St.3d 257, 259, 714 N. E.2d 888 (1999). Judge Hickson is a sitting judge on the Morrow County Court of Common Pleas, Juvenile Court. He has jurisdiction over abuse, neglect and/or dependency cases and therefore, MCJFS cannot establish a patent and unambiguous lack of jurisdiction to issue the Journal Entry being challenged.

**{¶27}** In reaching this conclusion, we do not rule on the merits of MCJFS's claim that Judge Hickson exceeded his authority in issuing the Journal Entry because our duty is limited to determining whether Judge Hickson patently and unambiguously lacked jurisdiction. Though MCJFS contends Judge Hickson's Journal Entry exceeds the authority granted him under R.C. 2151, these objections challenge Judge Hickson's exercise of his jurisdiction in a particular instance, not his general jurisdictional over abuse, neglect and/or dependency cases.

**{¶28}** For these reasons, we find Judge Hickson did not patently and unambiguously lack jurisdiction to issue the Journal Entry on Adjudicatory Hearing and Notice of Hearing. *See also State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224 (Trial court judge did not patently and unambiguously lack jurisdiction to issue a discovery order because courts have broad discretion over discovery matters.) *State ex rel. Leatherworks Partnership*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477 (trial court judge could proceed on a foreclosure action because he has subject matter jurisdiction to hear foreclosure cases and should be given the opportunity to determine whether he lacks jurisdiction over the foreclosure action that was

allegedly predicated on a prior judgment that was not a final order.) *State ex rel. Enyart*, 71 Ohio St.3d 655, 646 N.E.2d 1110 (Trial court judge possessed jurisdiction to rule on the Civ.R. 60(B) motion and the fact that she may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition.) *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824 (Argument that trial court judge exceeded his authority in issuing a discovery order challenges his exercise of jurisdiction, not the existence of subject-matter jurisdiction. Absent some other provision that divests the judge of subject-matter jurisdiction to issue the discovery order, a writ of prohibition is not appropriate.)

**{¶29}** Likewise, here, MCJFS does not claim Judge Hickson lacks subject-matter jurisdiction over this matter. Rather, MCJFS's challenge pertains to the manner in which Judge Hickson exercised his jurisdiction. Therefore, Judge Hickson did not patently and unambiguously lack jurisdiction when he issued the April 22, 2022 Journal Entry on Adjudicatory Hearing and Notice of Hearing requiring certain persons and reports to be subpoenaed for the disposition hearing.

**{¶30}** Further, MCJFS has an adequate remedy at law which also precludes its request for a writ of prohibition. Attorneys at MCJFS may be held in contempt if they decline to follow Judge Hickson's Journal Entry requiring them to subpoena certain witnesses and reports for the disposition hearing. "[A]ppealing a contempt order is an adequate remedy at law which will result in denial of the writ." *State ex rel. Mancino v. Campbell*, 66 Ohio St.3d 217, 220, 611 N.E.2d 319 (1993). Therefore, the denial of the writ is also required because MCJFS has an adequate remedy at law.

## IV. Conclusion

**{¶31}** For the foregoing reasons, we grant Judge Hickson's Motion to Dismiss under Civ.R. 12(B)(6). The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

MOTION GRANTED.

CAUSE DISMISSED.

COSTS TO RELATORS.

IT IS SO ORDERED.


By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur