[Cite as *Dream Feel Homes, Ltd. v. Mayes*, 2023-Ohio-4342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Dream Feel Homes, Ltd.                    Court of Appeals No.  L-23-1083

    Appellee                             Trial Court No.  CVG-23-02551

v.

Cynthia Mayes                            **DECISION AND JUDGMENT**

    Appellant                            Decided:  December 1, 2023

* * * * *

Matthew L. Weisenburger, for appellee.

Phyllis Flowers, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal filed by appellant, Cynthia Mayes, from the March 27, 2023 judgment of the Toledo Municipal Court.  For the reasons that follow, we find the appeal moot.

**{¶ 2}** Mayes sets forth one assignment of error:

> The trial court erred in not allowing hearing of [Mayes'] Answer and cross-complaints and by issuing unlawful eviction without a 30 day notice. (Sic.)

## Background

**{¶ 3}** Appellee, Dream Feel Homes, Ltd. ("Dream"), rented residential premises ("the premises") to Mayes. On February 27, 2023, Dream filed a landlord complaint for restitution of property against Mayes due to her failure to pay rent. Dream alleged that Mayes was served written notice, on January 13, 2023, to vacate the premises by January 19, 2023. The trial court scheduled an eviction hearing. Mayes did not file an answer or counterclaim to Dream's complaint.

**{¶ 4}** On March 21, 2023, the eviction hearing was held with both parties present and represented by counsel. The same day, the magistrate issued a decision finding Mayes in default under the lease since November 1, 2022, and Dream's notice to vacate the premises was lawfully served. The magistrate recommended that judgment be entered for Dream for possession of the premises, with a set out writ to issue at Dream's request.

**{¶ 5}** On March 27, 2023, the trial court filed its judgment entry in which it adopted and approved the magistrate's recommendation. The trial court ordered, inter alia, that Dream was granted possession of the premises, and a writ of restitution shall

2.

issue to the bailiff at Dream's request for execution of a set out eviction. The court indicated its judgment was a final appealable order.

{¶ 6} On March 30, 2023, a writ of restitution for set out was issued.

{¶ 7} On April 3, 2023, Mayes filed, in the trial court, an objection to the magistrate's report and a motion for stay pending appeal. That same day, the trial court denied Mayes' motion for stay. On April 4, 2023, the trial court denied Mayes' objection, and the eviction was ultimately scheduled for April 28, 2023.

{¶ 8} On April 5, 2023, Mayes filed both a notice of appeal and a Notice for Motion for Emergency Stay Pending Appeal in this court. On April 11, 2023, we ordered that Mayes' motion for stay be held in abeyance for five days in order to give Mayes the opportunity to supplement her motion by detailing the reasonable questions of law which would result in reversal, and proposing a supersedeas bond. On April 17, 2023, Mayes filed a Supplemental Motion for Clarification of Serious Legal Issues per Court's Order. The next day, Dream filed a response. On April 24, 2023, we denied Mayes' motion for stay, finding that she only presented allegations concerning the former owner of the premises rather than the current owner and landlord, and she failed to propose a supersedeas bond.

{¶ 9} On April 28, 2023, in the trial court, an alias writ of restitution for set out of Mayes was issued, and the return of writ was filed that same day.

3.

## Mayes' Advisements and Arguments

{¶ 10} Mayes submits "[p]lease be advised that although the eviction is a moot issue, [she] filed an Answer to [Dream's] Complaint on January 11, 2023 and hearing was scheduled for April 13, 2023, it was never held." (Sic.) "Mayes, through counsel Phyllis Flowers, respectfully finds that multiple errors of law.." (Sic.)

{¶ 11} Mayes argues that she "timely filed an Answer and the court scheduled a hearing for March 14, 2023 to hear [Dream's] claims. However the hearing was not held." (Sic.) She also offers that "[w]e believe that [Mayes'] Answer and testimony constitute a proper Answer and Answer and that her claims should have been heard by the couert." (Sic.)

{¶ 12} Mayes further argues that Dream "failed to give a 30 day notice [to her] prior issuing a three-day notice of eviction." (Sic.) Mayes contends that Dream "issued a three-day Notice of Eviction on November 1, 2023 ([Dream's] first complaint for eviction). She later filed an Notice of Eviction in last complaint for eviction on January 13, 2023 for [Mayes] to to move by January 19, 2023." (Sic.)

{¶ 13} Mayes asserts the trial court "issued an eviction for April 28, 2023 on April 24, 2023. The Baliff's office noted on April 25, 2023 that [Mayes] had moved out and turned in the keys. * * * Subsequent to [Mayes'] move out, [Dream] took control of the property that [Mayes] was unable to move out all of property due to lack of time/money. Her intentions were to come back later and recover whatever she could

4.

from rhe curb later, but she nor friends ever seen any of her property on the curb. [Mayes] learned later that [Dream] had converted [Mayes'] remaining propertyand sold it in multiple sales[.]" (Sic.)

{¶ 14} In support, Mayes cites to the following cases: "Laster v. Bowman, 370 N.E. 2d 767 (Ohio Ct, App. 1977)[;] Weingarden v. Eagle Ridge Conominiums, 71 Ohio Misc 2, 7, 13, 653 N,E. 2d, 759 (M.C., 1995)[;] Wenzke v. Baird 2014, Ohio 3069[;] Bynum v. Hufferman, (Dec. 20, 1990) Cuyahoga AOO, Bo 57730 Unreported 1990, WL 210 225[;] Colquett v. Byrd (1979), 59 Ohio Misc. 45 13." (Sic.)

### Analysis

{¶ 15} Before examining Mayes' assignment of error, we feel compelled to address the state and appearance of her appellate brief. The entire brief is replete with improper grammar, misspellings and a lack of punctuation and/or correct punctuation. The brief has no page numbers, yet both the table of contents page and table of authorities page refer to page numbers. The case citations set forth in the brief are not in the proper form.

{¶ 16} App.R. 16 provides requirements for an appellant filing an appellate brief. That rule states in relevant part:

(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.  The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶ 17} Loc.R. 10(C) of the Sixth District Court of Appeals sets forth additional requirements for an appellant's brief.  That rule states:

(C). Citations. * * * Case citations and other legal authorities must appear in the text of the argument after the point of law for which the case or legal authority is cited, * * * and must include the volume and page number of the case, and the particular page or paragraph number where the point of law is found. Citations shall conform to the Writing Manual A Guide to Citations, Style, and Judicial Opinion Writing issued by the Supreme Court of Ohio (2013).

{¶ 18} Mayes' brief is deficient as it fails to substantially comply with the appellate briefing and citation requirements. This failure allows us to strike her non-conforming brief. *See* Loc.R. 10(F), which states that "[a] brief not prepared in accordance with this rule, as well as App.Rs. 16 and 19, may be stricken." We choose to address Mayes' assignment of error and not strike her brief.

**Failure to Allow a Hearing on Mayes' Answer and "Cross-Complaints"**

{¶ 19} Upon review of the record, and more specifically the Toledo Municipal Court's Certified Journal Report for Mayes' case, we note that Mayes did not file an answer or "cross-complaints" to Dream's complaint in the trial court. Thus, we find that the trial court did not err in failing to allow a hearing on nonexistent filings.

**Issuance of Unlawful Eviction Without a 30-Day Notice**

{¶ 20} Mayes acknowledges that the eviction is a moot issue, yet she set forth arguments concerning the FED/eviction process.

7.

**Law**

**Eviction (Forcible Entry and Detainer)**

{¶ 21} A forcible entry and detainer action ("FED") for possession of real property and eviction of tenants "'determines the right to immediate possession of the property and nothing else.' *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11.'" *Tiefenbacher v. Shorter*, 6th Dist. Lucas No. L-20-1186, 2021-Ohio-2624, ¶ 20. Once the landlord retakes the property from the tenants, the eviction action becomes moot, as there is no further relief which can be granted. *Id.*, citing *Landings at Beckett Ridge v. Holmes*, 12th Dist. Butler No. CA2020-04-050, 2020-Ohio-6900, ¶ 30, citing *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7. The only method by which a defendant appealing a FED judgment may prevent the cause from becoming moot is set forth in R.C. 1923.14, which provides that a defendant must seek and receive a stay of execution after filing a notice of appeal, and must also post any required bond. *Id.* at ¶ 21.

{¶ 22} R.C. 1923.14(A) states in relevant part:

Except as otherwise provided in this section, within ten days after receiving a writ of execution * * * the sheriff, police officer, constable, or bailiff shall execute it by restoring the plaintiff to the possession of the premises * * * and make return, as upon other executions. If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of

8.

execution is obtained and any required bond is filed * * *, the judge * * * immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. If the premises have been restored to the plaintiff, the sheriff, police officer, constable, or bailiff shall forthwith place the defendant in possession of them, and return the writ with the sheriff's, police officer's, constable's, or bailiff's proceedings and the costs taxed on it.

**Mootness**

{¶ 23} "Mootness is an issue of subject-matter jurisdiction; appellate courts have no authority to decide moot appeals." *Park Lane Apartments v. Parks*, 6th Dist. Lucas No. L-20-1208, 2021-Ohio-3510, ¶ 2, citing *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 9. "'The distinguishing characteristic of [moot] issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' (Internal quotations omitted.) *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4." *Id.*

**Finding**

{¶ 24} Based on our review of the record and the applicable law, we find that Mayes failed to fully comply with R.C. 1923.14(A), and therefore her appeal of the trial court's FED judgment is moot. While Mayes timely filed her notice of appeal and sought a stay of execution of the trial court's judgment in both the trial court and this court, her

9.

motions for stay were denied. Mayes was evicted from the premises, the premises were restored to Dream, and there is no further relief which can be granted. Accordingly, we dismiss Mayes' appeal as moot. Mayes is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeal dismissed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                 _____
                                      JUDGE

Gene A. Zmuda, J.

                                      _____
Myron C. Duhart, P.J.                                  JUDGE
CONCUR.

                                      _____
                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.